■ In the Matter of JIMMIE L. ALLEN, Appellant, v J. J. STROJNOWSKI et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel disclosure of records pertaining to a criminal investigation conducted by the New York State Police and the Westchester County District Attorney, the petitioner appeals (1) from a judgment of the Supreme Court, Westchester County (Weiner, J.), entered May 16, 1985, which, upon the respondents' motion to dismiss, dismissed the proceeding, and (2), as limited by his brief, from stated portions of an order of the same court (Benson, J.), entered June 10, 1985, which, *inter alia,* denied that branch of the petitioner's motion which was to compel the respondents to comply with Public Officers Law § 87 (3) (c), and, upon renewal, adhered to the original determination dismissing the proceeding.

Ordered that the appeal from the judgment entered May 16, 1985, is dismissed, without costs or disbursements, on the ground it was superseded by the order, entered June 10, 1985, made upon renewal; and it is further,

Ordered that the order entered June 10, 1985, is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced this CPLR article 78 proceeding to compel the respondents to disclose, pursuant to the Freedom of Information Law *(see,* Public Officers Law § 84 *et seq.),* records and physical evidence in the possession of the New York State Police and Westchester County District Attorney, that was compiled during a criminal investigation culminating in his conviction of, *inter alia,* eight counts of murder in the second degree. The judgment of conviction was affirmed by this court *(see, People v Allen,* 89 AD2d 826, *lv denied* 57 NY2d 957). The petitioner's disclosure requests fall within four categories: physical evidence, such as tools and items of clothing, the names, addresses, and statements of confidential witnesses, Grand Jury testimony, and reports of microscopic comparisons. The physical evidence does not fall within the

statutory definition of a "record" (see, Public Officers Law § 86 [4]) and, thus, is not subject to disclosure pursuant to the Freedom of Information Law. The names, addresses, and statements of confidential witnesses compiled during a criminal investigation are exempt from disclosure (see, Public Officers Law § 87 [2] [e] [i], [iii]; Hawkins v Kurlander, 98 AD2d 14), as is Grand Jury testimony (see, Public Officers Law § 87 [2] [a]; CPL 190.25 [4]; Hawkins v Kurlander, supra, at 17; Matter of Quirk v Evans, 116 Misc 2d 554, 560). Aside from the laboratory reports already in the petitioner's possession and attached as exhibits to the petition and the respondent Strojnowski's answer, reports which would reveal nonroutine criminal investigative techniques for processing a homicide scene are also exempt from disclosure (Public Officers Law § 87 [2] [e] [iv]; see, Matter of Fink v Lefkowitz, 47 NY2d 567; Matter of De Zimm v Connelie, 102 AD2d 668, affd 64 NY2d 860). Consequently, the petitioner's requests were properly denied by the respondents.

Additionally, the petitioner profered no factual substantiation warranting an order remitting the matter to the respondents for the purpose of complying with Public Officers Law § 87 (3) (c). This statutory provision requires an agency to maintain "a reasonably detailed current list by subject matter, of all records in the possession of the agency, whether or not available under this article". The petitioner never requested such a list, nor is there any indication that review of such a list was necessary before the petitioner could formulate his requests for records, since the petitioner's requests were sufficiently described to permit the agency to locate the subject records (Matter of Capital Newspapers v Whalen, 113 AD2d 217, 219, appeal dismissed 67 NY2d 917, revd on other grounds 69 NY2d 246). Contrary to the contention asserted in the petitioner's motion, inter alia, to renew, the list, as distinguished from the documents, which an agency is obligated to make available to the applicant (see, Matter of Quirk v Evans, supra), need not make reference to each and every record of the agency, but need only refer to categories of records in reasonable detail in order that an applicant may identify the category of records that may include the records sought (see, State of New York Comm on Public Access to Records, FOIL Advisory Opn No. 2508). Accordingly, the petitioner was not entitled to a list of every record in the respondents' criminal investigation file of the homicides for which the petitioner stands convicted. Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.