■ In the Matter of BERNARD J. DOBRANSKI, Appellant, v CHARLES D. W. HOUPER, as Chemung County Sheriff and as Record Access Officer of City of Elmira, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Swartwood, J.), entered March 10, 1988 in Chemung County, which partially granted petitioner's application, in a proceed-

ing pursuant to CPLR article 78, to compel respondent to release certain documents requested under the Freedom of Information Law.

Pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]), petitioner, a prison inmate, sought copies of all documents located in a file compiled during a criminal investigation which culminated in his conviction in 1980 of attempted murder in the first degree *(see, People v Dobranski,* 89 AD2d 250). Respondent furnished all but those documents believed to be exempt from disclosure under Public Officers Law § 87 (2) (b). After exhausting his administrative remedies, petitioner brought this CPLR article 78 proceeding to compel respondent to provide copies of the remaining documents. Supreme Court conducted an in camera inspection, and then partially granted the petition, prompting petitioner to appeal.

Petitioner seeks disclosure of four categories of documents: identikit papers and notations; the personal reference cards of other inmates who were in a lineup with him; handwritten notations identifying other inmates in his cell block; and a criminal complaint for trespass filed against him in 1978, which was prepared but, insofar as appears from the record, not pursued.

An agency may deny access to records compiled for law enforcement purposes which, if disclosed, would reveal nonroutine criminal investigative techniques or procedures (Public Officers Law § 87 [2] [e] [iv]). Because disclosure of the identikit papers and notations might alert prospective criminals to characteristics important in composite artistry and thus encourage them to tailor their appearance to evade detection *(see, Matter of Fink v Lefkowitz,* 47 NY2d 567, 573; *see also, Matter of De Zimm v Connelie,* 102 AD2d 668, 671, *affd* 64 NY2d 860), these materials are not routine, and accordingly are exempt from disclosure.

Agencies may also deny disclosure where doing so would constitute an unwarranted invasion of personal privacy (Public Officers Law § 87 [2] [b]). What constitutes an unwarranted invasion of personal privacy is measured by what would be offensive and objectionable to a reasonable man of ordinary sensibilities *(see,* Annotation, *What Constitutes Personal Matters Exempt from Disclosure by Invasion of Privacy Exception Under State Freedom of Information Act,* 26 ALR4th 666, 671). This determination requires balancing the competing interests of public access and individual privacy. On the private end of the scale is the expectation of privacy accruing to the individ-

ual furnishing the information and the general need to protect against dissemination of personal information relating to that individual (see, Cornell Univ. v City of New York Police Dept., 153 AD2d 515, 516). The scale's public end includes the presumption that governmental records are to be available to public scrutiny, the judicial reluctance to broaden the narrow exceptions to disclosure, and concern as to whether the information contained in the document sought to be revealed is a matter of public record (see, Matter of Scott, Sardano & Pomeranz v Records Access Officer, 65 NY2d 294, 296-297; Matter of Thompson v Weinstein, 150 AD2d 782; see also, Matter of Kwitny v McGuire, 102 Misc 2d 124, 126, affd 77 AD2d 839, affd 53 NY2d 968).

Here, petitioner seeks copies of the personal reference cards of other inmates who were in a lineup with him. While most of the information in these cards is personal, much of it is already publicly accessible via arrest and conviction records. Inasmuch as these inmates could have no reasonable expectation that such information would be kept private, FOIL requires that it be released (cf., Matter of Capital Newspapers v Burns, 67 NY2d 562, 570; Matter of Thompson v Weinstein, supra). However, not all of the information contained on these cards need be made known. In balancing the privacy rights of the inmates against petitioner's competing legitimate interest in obtaining disclosure, that information which is not typically available in publicly accessible arrest and conviction records, including but not limited to the inmates' prison identification numbers, dietary requirements, and the name and address of their next of kin, should be redacted.

The handwritten notations identifying other inmates in petitioner's cell block have not been made available to us to conduct an in camera review. As respondent has not provided any evidentiary detail as to how their disclosure would violate anyone's privacy and mere conclusory allegations that disclosure will violate personal privacy are not enough (see, Matter of Capital Newspapers v Burns, supra; Matter of Zuckerman v New York State Bd. of Parole, 53 AD2d 405, 408), respondent must provide petitioner with copies of these notations.

Names and addresses of complainants need not be disclosed where there is "a possibility that [disclosure of] such information would endanger the lives or safety of individuals" (Matter of Stronza v Hoke, 148 AD2d 900, 901; see, Public Officers Law § 87 [2] [f]). Accordingly, petitioner was properly denied access to the supporting deposition and criminal information underlying the criminal complaint filed against him in 1978 for

trespass. Moreover, that information would identify a source promised confidentiality (see, Public Officers Law § 87 [2] [e] [iii]), information that is exempt from disclosure.

Finally, petitioner requested physical evidence and any record containing an inventory of evidence used against him. Although physical evidence is not, as Supreme Court observed, a record within the meaning of FOIL (see, Matter of Allen v Strojnowski, 129 AD2d 700, lv denied 70 NY2d 871), an evidence inventory list is (see, Public Officers Law § 86 [4]) and petitioner is entitled to the latter, if it exists.

Petitioner's remaining arguments are not supported by the record.

Judgment modified, on the law, without costs, to the extent of directing disclosure or reproduction of (1) the personal reference cards to the extent indicated in this court's decision, (2) handwritten notations identifying other inmates in petitioner's cell block, and (3) any existing evidence inventory list, and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.