■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. SHEPHERD, JR., Appellant.—Kane, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), rendered October 26, 1987 in Delaware County, convicting defendant upon his plea of guilty of two counts of the crime of murder in the second degree.

Defendant's appeal stems from the denial of his motion to suppress statements he gave to police officers following questioning by them in a Lexington, Kentucky, hospital. Defendant was receiving treatment there for a gunshot wound which eventually led the New York State Police to investigate defendant's involvement in a double homicide which occurred in Delaware County in December 1986. The suppression hearing record reveals that on December 21, 1986, two teams of officers, each comprised of a Kentucky and New York State Police officer, visited the hospital; one pair spoke with defendant's parents and one pair, New York State Police Investigator Karl Chandler and Kentucky State Police Detective Larry Patterson, questioned defendant. As part of a planned procedure, Chandler was introduced as a police officer but not specifically from New York. After Patterson read defendant his *Miranda* rights and questioned him on the Kentucky shooting, Chandler was identified as a New York State Police officer investigating a double homicide. Both Chandler and Patterson stated that, before he questioned defendant, Chandler again advised defendant of his *Miranda* rights from a predesigned card. Both officers also stated that defendant indicated at the time that he understood his rights and that he wished to continue talking with them without counsel. Defendant denied being read his *Miranda* rights by Chandler and claimed that both officers told him that he would receive a lenient sentence if he cooperated. Supreme Court denied the suppression motion and defendant thereafter entered a bargained plea of guilty to two counts of murder in the second degree.

Defendant contends that his statement in the hospital was

involuntary due to the deceptive tactics of the police in sequestering his parents away from him. In this instance, however, an offer by a police officer to investigate defendant's condition, made after defendant's mother indicated that "I better go check on the boy", simply does not amount to tactics calculated to make certain that a suspect's parents take no steps to aid him *(see, People v Hocking,* 15 NY2d 973; *cf., People v Townsend,* 33 NY2d 37, 42). We also reject defendant's arguments that Chandler gave him false promises of leniency or failed to read him his *Miranda* rights before questioning him in regard to the double homicide. The suppression hearing testimony created questions of fact on these issues and we find nothing in the record to disturb Supreme Court's determination, which was based on its "unique position to assess the credibility of the witnesses" *(People v Tune,* 103 AD2d 990, 991).

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.