(January 18, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SPENCER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Mugglin, J.), rendered Sep-

tember 28, 1987 in Delaware County, upon a verdict convicting defendant of the crimes of murder in the second degree (four counts), robbery in the first degree (two counts), robbery in the second degree and criminal possession of a weapon in the second degree.

In December 1986, the slain bodies of Benjamin Reynolds and his girlfriend, Beverly Kilmer, were discovered lying face down, bound and gagged, in the Reynolds' residence. Reynolds had died from multiple gunshot wounds to the head. Kilmer was also shot and, in addition, her throat had been slit twice. During the killings, a large quantity of money was taken from the house.

Following his indictment of four counts of murder in the second degree, two counts of robbery in the first degree and one count each of robbery in the second degree and criminal possession of a weapon in the second degree, defendant unsuccessfully moved to suppress items seized from his estranged wife's residence, his girlfriend's automobile, his luggage and his truck. A jury convicted defendant on all eight counts of the indictment. Defendant was sentenced to indeterminate terms of imprisonment aggregating 55 years to life. He received 25 years to life for each of the four convictions for murder in the second degree, 12½ to 25 years for the two convictions of robbery in the first degree, 5 to 15 years for his conviction of robbery in the second degree, and 5 to 15 years for criminal possession of a weapon. The sentences for two of the murder convictions, which were for felony murder, and the sentence for criminal possession of a weapon are to be served consecutively; the remaining sentences are to be served concurrently. Defendant's appeal challenges Supreme Court's denial of his suppression motion, the introduction of certain evidence at trial and his sentencing.

Defendant's motion to suppress evidence obtained from the search of his estranged wife's premises was rightly denied because he failed to establish standing to make that challenge (see, People v Wesley, 73 NY2d 351, 358). His bare assertion that he should enjoy a reasonable expectation of privacy because he was still married to the owner of the searched premises (the estranged wife with whom he had not lived for more than six months, visited only occasionally, and then briefly) is insufficient to sustain this burden (see, People v Rodriguez, 69 NY2d 159, 163). Moreover, defendant's wife consented to the search, making a warrant unnecessary (see, People v Cosme, 48 NY2d 286, 290). Defendant's assertion that his wife's consent was coerced is not borne out by the record.

Equally unconvincing is defendant's claim that evidence gathered from his person and from his girlfriend's vehicle when he was apprehended in Arizona should have been sup-

pressed as the fruits of an illegal stop. An Arizona police officer, acting upon the basis of a radio bulletin, arrested defendant after he had exited the vehicle in a motel parking lot. Defendant argues, for the first time on appeal, that the People failed to show that the transmitting officer had probable cause to send the bulletin. Defendant's affidavit in support of the suppression motion objected to the search solely because it was conducted without a search warrant. At the suppression hearing, defense counsel questioned only whether defendant's girlfriend voluntarily consented to the search. Inasmuch as defendant did not call into question the legality of his arrest at the suppression hearing, he is precluded from raising this issue on appeal (see, People v Coleman, 56 NY2d 269, 274).

Even assuming that defendant has standing to challenge the search of his girlfriend's vehicle and his luggage contained therein, these warrantless searches were valid. At the suppression hearing, the girlfriend testified that she consented to the search of the car and the luggage, which contained commingled personal property belonging to her and defendant. In fact, she voluntarily assisted the police officers by identifying which items of clothing were hers and which were defendant's. Because she had common authority over and joint access to the contents of the bags (see, People v Litwin, 44 AD2d 492, 494) and owned the car, her consent to their search was effective.

The items seized from defendant's pickup truck should have been suppressed. That vehicle was initially seized without a warrant and apparently without consent. Contrary to the People's suggestion, the testimony at the suppression hearing did not establish that defendant's estranged wife gave police officers the keys to the truck voluntarily. The only evidence presented, and that was uncontradicted, was the wife's testimony that the officers demanded that she give them the keys, an order with which she complied. Nor does the record suggest any exigent circumstances justifying the seizure (see, People v Spinelli, 35 NY2d 77, 81-82).

The failure to suppress the items seized from defendant's truck does not, however, mandate reversal, for overwhelming evidence supports defendant's convictions. Defendant admitted that he drove his accomplices, Charles Shepherd and defendant's brother-in-law, from Kentucky to New York to see Reynolds. Shepherd, who earlier pleaded guilty to two counts of murder in the second degree for his involvement in the same incident (see, People v Shepherd, 156 AD2d 887), thor-

oughly implicated defendant in the robbery and murders. Moreover, State Police Investigator Miller Barnem, a criminalist, corroborated Shepherd's testimony. Barnem testified that the broken edges of duct tape found during a later search of defendant's personal belongings matched the edges of tape removed from the bound feet of one of the victims. He further testified that he had matched defendant's boot with a footprint taken from the crime scene, and defendant's fingerprint with a clean print removed from the Reynolds' kitchen. Numerous other witnesses' testimony also linked defendant with the crime. Given the compelling evidence of defendant's guilt, the suppression error was harmless.

As to the legality of the sentences imposed, we find merit in defendant's argument that the sentence for criminal possession of a weapon should have run concurrently with the other convictions, for possession of the gun was a material element of one of defendant's concurrently sentenced robbery in the first degree convictions, count six of the indictment (see, Penal Law § 70.25 [2]; § 160.15 [2]; see also, People v Derhi, 110 AD2d 709, 710; People v Grant, 96 AD2d 867, 868; People v Nalo, 91 AD2d 957). A modification of the sentence to this extent is accordingly in order.

Defendant's remaining contentions are meritless.

Judgment modified, on the law and the facts, by reversing so much thereof as directed defendant to serve a consecutive term of imprisonment for the conviction of criminal possession of a weapon in the second degree; said sentence is to run concurrently with the remaining sentences; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.