■ In the Matter of RICHARD B. LYON, Appellant, v GARY C. DUNNE, as Assistant Deputy Superintendent and Records Access Officer of the State Police, et al., Respondents.—Crew III, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered January 22, 1991 in Washington County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to release certain documents requested under the Freedom of Information Law.

Petitioner, a prison inmate, made a request under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) seeking various documents within the possession of the State Police relating to their criminal investigation of

the homicides of Robert Wills and Dorothy Wills. Petitioner was convicted for those homicides *(see, People v Lyon,* 134 AD2d 909, *lv denied* 71 NY2d 970). After respondents denied disclosure, petitioner commenced this CPLR article 78 proceeding alleging that respondents failed to satisfy their burden of showing that the requested materials were exempt. After in camera review of the materials, Supreme Court determined that the documents sought were exempt, except for a property list which was ordered to be disclosed. This appeal by petitioner ensued. We will address each of the FOIL requests.

First, FOIL request Nos. 4, 5, 7, 8 and 12 are not in the possession of respondents. 9 NYCRR 483.3 (b) (10) provides that respondents shall certify, upon request of a petitioner, that the State Police is not the legal custodian of such records. Here, petitioner has failed to make such a request. We find, therefore, that the response to the request was proper and that respondents are unable to provide the information requested.

Second, FOIL request Nos. 9, 10 and 11 seek complaints, reprimands and incidents of misconduct of three State Police officers. Respondents have clearly satisfied their burden of demonstrating that these records are used to evaluate performance toward continued employment of the three officers and are exempt pursuant to Public Officers Law § 87 (2) (a) and Civil Rights Law § 50-a *(see, Matter of Prisoners' Legal Servs. v New York State Dept. of Correctional Servs.,* 73 NY2d 26; *Matter of Scaccia v New York State Div. of State Police,* 138 AD2d 50, 53).

Third, FOIL request No. 2 seeks autopsy reports and numerous laboratory analyses of evidence that are contained within pages 58 and 91 of the materials submitted for our in camera review. It is undisputable that no county officers are parties to this proceeding and that County Law § 677 governs the disclosure of autopsy reports. Respondents have clearly satisfied their burden pursuant to Public Officers Law § 87 (2) (a) that the disclosure of autopsy reports are specifically exempted by other State statutes. Therefore, respondents were not required to disclose such reports to petitioner *(see, Matter of Moore v Santucci,* 151 AD2d 677, 679; *Herald Co. v Murray,* 136 AD2d 954, 955). Additionally, respondents have satisfied their burden that the scientific evidence sought by petitioner is exempt pursuant to Public Officers Law § 87 (2) (e) (iv) because it was compiled for law enforcement purposes which, if disclosed, would reveal nonroutine criminal investigative techniques or

procedures *(see, Matter of Dobranski v Houper,* 154 AD2d 736, 737; *Matter of Allen v Strojnowski,* 129 AD2d 700, 701, *appeal dismissed* 70 NY2d 871).

Fourth, FOIL request Nos. 1 and 3 seek a listing of the evidence retrieved from the homicide scene. This information is contained in pages 167 to 171 of the materials submitted for our in camera review. Respondents conclusory assertions that disclosure of such a list would reveal nonroutine criminal investigative procedures and techniques fail to satisfy their burden under Public Officers Law § 87 (2) (e) (iv). Petitioner is therefore entitled to receive the evidence inventory list *(see, Matter of Dobranski v Houper, supra,* at 739).

Lastly, FOIL request No. 6 covers all pages of the materials submitted for our in camera review, except pages 58 to 91, pages 167 to 171 and those records already disclosed to petitioner. In making our decision as to this request, we have balanced the competing interests of public access and individual privacy in order to prevent an unwarranted invasion of personal privacy, and have taken steps to preserve the identity of sources of information *(see, Matter of Dobranski v Houper, supra,* at 737-739; *Matter of Allen v Strojnowski, supra).*

We conclude that those portions of pages 6, 7, 9 and 10 withheld are exempt and need not be provided to petitioner. Additionally, we find that the following pages are exempt and petitioner is, therefore, not entitled thereto: 43 to 47, 54, 92 to 96, 106 to 113 and 116 to 166. Finally, respondents must provide the following pages to petitioner redacted as follows: on all pages redact the name of the complainant; on page 8 redact the names of the attorneys and investigators and addresses, redact the addresses and dates of birth of "T-2 and T-3"; on page 11 redact paragraph No. 262, redact the name of the attorney and investigators, along with the address, and redact the address and date of birth set forth in paragraph No. 263; on page 16 redact the names of the attorneys and investigators, along with the addresses and phone numbers; on pages 19 to 22 redact the names of the attorneys and investigators, along with the addresses, and redact the home phone number on page 22; on pages 38 to 40 redact paragraph Nos. 230, 231, 232, 238, 240, 241 and 242, redact the names of sources and investigators in paragraph Nos. 233, 234, 236, 237, 239 and 243, and redact the names, addresses, last word and last sentence of paragraph No. 235, as well as the last four full sentences of paragraph No. 237; on pages 53 to 57 redact paragraph Nos. 179, 180, 181, 190, 195, 196, 197, 199, 200, 202,

203 and 206, redact the names of sources, attorneys and investigators on pages 53, 55, 56 and 57, and redact the phone number in paragraph No. 198; on pages 99 to 105 redact the names of the doctors, Troopers, investigators and sources listed on pages 102 to 105, redact the names, addresses and phone number of the parties who contacted police concerning bodies on pages 99, 101, 102, 104 and 105, redact the names, addresses, dates of birth and phone numbers of parties providing information concerning the vehicle on pages 104 and 105, and redact paragraph Nos. 26, 28, 29 and 30; on pages 114 to 115 redact paragraph Nos. 46, 49 and 50, redact the names of the doctors, Troopers and investigators on page 114, and redact the names, addresses and dates of birth of persons within the car in paragraph No. 51.

Mikoll, J. P., Yesawich Jr., Mercure and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by directing respondents to produce the requested materials as set forth in this court's decision, and, as so modified, affirmed.