■ In the Matter of WILLIAM ADAMS, Appellant, v IRVING B. HIRSCH et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered December 6, 1990, which denied petitioner's application pursuant to CPLR article 78 to compel respondents to provide a certain ballistics report and a reprint of a certain line-up photograph pursuant to petitioner's requests therefor under the Freedom of Information Law, unanimously affirmed, without costs.

Under Public Officers Law § 89 (3), "[n]othing in [the Freedom of Information Law] shall be construed to require any entity to prepare any record not possessed or maintained by such entity". Inasmuch as the ballistics report requested by petitioner was destroyed and his line-up photograph cannot be located, respondents Millett and the New York City Police Department are not required (nor able) to provide petitioner with the requested records.

While petitioner correctly argues that Public Officers Law § 86 (4) provides that a photograph is a record within the meaning of the statute, section 87 (1) (b) merely requires an agency to provide copies or reproductions of records, and nowhere suggests that an agency must provide reprints of photographs. Accordingly, respondents Hirsch and the New York County District Attorney properly provided petitioner with photocopies of his original line-up photograph.

We have considered petitioner's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Asch, JJ.