■ In the Matter of JOHN SPENCER, Respondent, v NEW YORK STATE POLICE, Appellant.—Levine, J. Appeal from that part of a judgment of the Supreme Court (Keniry, J.), entered September 10, 1991 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to release certain records requested under the Freedom of Information Law.

Petitioner is a convicted murderer currently serving a lengthy prison sentence. His conviction was affirmed by this Court (see, People v Spencer, 157 AD2d 906, lv denied 75 NY2d 925). In this CPLR article 78 proceeding, he seeks disclosure pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) of the investigatory file compiled by respondent which led to his arrest and subsequent conviction.

In his FOIL request, petitioner requested, inter alia, all investigative reports, memoranda, notebook records, prior statements of witnesses and scientific reports held by respondent relating to the double homicide of which petitioner was convicted. Respondent denied this request on the grounds that

the requested records were exempt from disclosure because they were compiled for law enforcement purposes and, if disclosed, would interfere with law enforcement investigations, reveal nonroutine criminal investigative techniques and procedures, and were intraagency and interagency materials (see, Public Officers Law § 87 [2] [e] [i], [iv]; [g]). Petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court held that petitioner was entitled to disclosure of most of the file, with the exception of the autopsy reports of the victims, and statements of witnesses who did not testify at trial. Supreme Court further ordered that any addresses and telephone numbers of witnesses who testified at trial were to be redacted prior to disclosure, and found that no nonroutine investigative techniques were used. Respondent now appeals from Supreme Court's judgment.

Under FOIL, government agencies have a broad duty of disclosure and agency records are presumptively available to the public, unless they fall within one of several categories of statutory exemptions which allow agencies to withhold certain records (see, Matter of Hanig v State of New York Dept. of Motor Vehicles, 79 NY2d 106, 109; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566). The FOIL exemptions are to be narrowly construed, and the burden to establish the applicability of an exemption is on the agency seeking to prevent disclosure (see, Matter of Hanig v State of New York Dept. of Motor Vehicles, supra, at 109; Matter of Konigsberg v Coughlin, 68 NY2d 245, 251; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, supra, at 566).

The primary exemption upon which respondent relies is the "law enforcement" exemption of Public Officers Law § 87 (2) (e). Under this provision, respondent's files are exempt from disclosure if, inter alia, the disclosure of such files would "reveal criminal investigative techniques or procedures, except routine techniques and procedures" (Public Officers Law § 87 [2] [e] [iv]). Supreme Court found that this exemption was inapplicable to the material requested by petitioner because "[t]here is nothing set forth in the * * * file that a would-be criminal could not learn from watching a well-done police or detective movie". We disagree, and find that disclosure of certain portions of the file would reveal nonroutine investigative procedures.

The purpose of the exemption provided by Public Officers Law § 87 (2) (e) (iv) is to prevent violators of the law from

being apprised of nonroutine procedures by which law enforcement officials gather information *(Matter of Fink v Lefkowitz,* 47 NY2d 567, 572). "The Freedom of Information Law was not enacted to furnish the safecracker with the combination to the safe" *(supra,* at 573). "Indicative, but not necessarily dispositive, of whether investigative techniques are nonroutine is whether disclosure of those procedures would give rise to a substantial likelihood that violators could evade detection by deliberately tailoring their conduct in anticipation of avenues of inquiry to be pursued by [law enforcement] personnel" *(supra,* at 572 [citations omitted]). Even though a particular procedure may be "time-tested", it may nevertheless be nonroutine *(supra,* at 573). Likewise, a highly detailed step-by-step depiction of the investigatory process should be exempted from disclosure *(see, supra,* at 572).

In the present proceeding, our in camera review of the investigatory file convinces us that certain of the procedures used in the investigation were nonroutine within the meaning of Public Officers Law § 87 (2) (e) (iv). Petitioner is not entitled to disclosure of portions of the file relating to laboratory examinations of certain items of evidence seized from both the crime scene and elsewhere because scientific evidence, excluding ballistics and fingerprint tests *(see, supra),* may properly be exempted from disclosure *(see, Matter of Lyon v Dunne,* 180 AD2d 922, 923, *lv denied* 79 NY2d 758; *see also, Matter of Dobranski v Houper,* 154 AD2d 736; *Matter of Allen v Strojnowski,* 129 AD2d 700, 701, *appeal dismissed, lv denied* 70 NY2d 871). Additionally, we find that petitioner is not entitled to disclosure of portions of the file relating to the method by which respondent gathered information about petitioner and his accomplices from certain private businesses because the disclosure of such information would enable future violators of the law to tailor their conduct to avoid detection by law enforcement personnel *(see, Matter of Fink v Lefkowitz, supra).*

Contrary to respondent's assertions, nothing in the remainder of the file contains information pertaining to nonroutine investigatory procedures. Those portions of the file describing respondent's surveillance of places which petitioner was known to frequent and its establishment of roadblocks do not describe nonroutine procedures. Additionally, lists of evidence seized from a crime scene are generally not exempt from disclosure *(see, Matter of Lyon v Dunne, supra; Matter of Dobranski v Houper, supra,* at 739). Respondent is, however, entitled to withhold from disclosure those portions of the file

which describe the autopsies performed on the victims *(see, Matter of Moore v Santucci,* 151 AD2d 677, 679).

Therefore, we find that Supreme Court erred in declaring that the following portions of the investigatory file were subject to disclosure under FOIL: paragraph 7 on pages 6-9, paragraph 9 on page 10, paragraph 10 on page 11, the bracketed portion of paragraph 22 on page 18, paragraph 45 on page 37, paragraph 49 on pages 39-40, paragraph 69 on pages 52-53, paragraphs 62 and 64 on page 51, paragraph 80 on pages 57-58, paragraph 83 on page 59 and paragraph 85 on pages 60-61. Additionally, enclosure number 41 of the file is exempt from disclosure. Finally, the summaries of the statements of witnesses who did not testify at trial, which are contained in the investigatory file, as well as the direct statements of those witnesses should be exempted from disclosure.

Mikoll, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed disclosure of the materials set forth in this Court's decision; petition dismissed regarding said materials; and, as so modified, affirmed.