■ In the Matter of DONALD WALSH, Appellant, v JOSEPH WASSER, as Sheriff of Sullivan County, et al., Respondents. [639 NYS2d 506] —Yesawich Jr., J.

Petitioner is an inmate at Attica Correctional Facility in Wyoming County, where he is serving a term of imprisonment upon his conviction of the crime of murder in the second degree. In March 1994, petitioner requested certain records from respondent Sheriff of Sullivan County (hereinafter respondent) pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL). The documents sought related to petitioner's arrest and incarceration, as well as to certain evidence resulting from the criminal investigation which resulted in petitioner's conviction. These FOIL requests were denied.

Following commencement of this CPLR article 78 proceeding, Supreme Court dismissed the petition, finding that the materials at issue either did not exist, had already been delivered to petitioner or to defense counsel, were in the possession of the Sullivan County District Attorney or were exempt from production under Public Officers Law § 87. This appeal by petitioner ensued.

The judgment should be affirmed. FOIL request Nos. 8a and 8b seek respondent's written regulations governing the logging-in of prison visitors, and "follow-up arrest reports and follow-up complaint reports" relating to petitioner from his arrest in November 1992. We are convinced by respondent's representations that such documents do not exist. Clearly, re-

spondent is under no obligation to furnish petitioner with documents which he does not have (*see, Matter of Adams v Hirsch*, 182 AD2d 583).

As for FOIL request Nos. 8c, 8d and 8e—which seek State Police booking reports relating to petitioner, reports regarding clothes confiscated at the time of his arrest, and records relating to the transfer of body tissue samples taken from the victim and delivered to the crime laboratory—respondent, having already furnished copies of these records to either petitioner or defense counsel, is under no obligation to produce additional copies (*see, Matter of Moore v Santucci*, 151 AD2d 677, 678). And, inasmuch as petitioner's appeal from his second degree murder conviction is the subject of a pending appeal, his FOIL request No. 10f, which calls for the production of "investigative reports" pertaining to his case, was properly denied, for such records were previously found to be exempt from disclosure under Public Officers Law § 87 (2) (e) (i), (iii) and (iv), a decision from which petitioner failed to appeal (*see, Hawkins v Kurlander*, 98 AD2d 14, 16-17).

We have examined petitioner's remaining arguments and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.