■ In the Matter of WALTER MULHALL, Appellant, v JAMES A. FITZGERALD, as Deputy Assistant Superintendent/Chief Inspector, New York State Police, Respondent. [672 NYS2d 480] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered May 14, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent partially denying petitioner's request under the Freedom of Information Law.

Pursuant to the Freedom of Information Law (Public Officers Law art 6), petitioner, a prison inmate, requested that he be provided with various documents in connection with his arrest and indictment on charges of arson in the third degree and petit larceny. Respondent, *inter alia,* denied that part of petitioner's request that sought disclosure of investigator's reports and reports/statements of petitioner's defense counsel. The basis for respondent's denial was that these documents were exempt from disclosure because they either were compiled for law-enforcement purposes and, if disclosed, would reveal investigative techniques and procedures and identify confidential information relating to criminal investigations, or would constitute an unwarranted invasion of privacy. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the denial of these documents. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Contrary to petitioner's contention, respondent

adequately stated the reasons for the denial of the materials at issue (*see, e.g., Matter of Howard v Malone*, 247 AD2d 665, 666). Moreover, based upon our in camera inspection of the documents which were undisclosed, we conclude, as did Supreme Court, that the investigator's reports and the statement of a witness who did not testify at trial fall within the scope of the statutory exceptions (*see,* Public Officers Law § 87 [2] [b], [e]. [i], [iii]; *see also, Matter of Spencer v New York State Police*, 187 AD2d 919, 921-922). As for respondent's denial of the reports/statements of defense counsel, our in camera inspection reveals that no such reports/statements apparently exist. Accordingly, the petition was properly dismissed.

Cardona, P. J., Mikoll, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.