■ In the Matter of JOSE DE OLIVEIRA, JR., Appellant, v LAURIE M. WAGNER, as Records Access Officer, New York State Police, et al., Respondents. [711 NYS2d 592] —Rose, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered October 26, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request under the Freedom of Information Law.

Pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]), petitioner, a prison inmate, requested from the State Police that he be provided with a 200-page lead sheet book made in connection with his arrest and conviction on the charge of murder in the second degree. After a number of administrative appeals, petitioner was provided with 180 pages of the lead sheets which had been redacted to prevent unwarranted invasions of personal privacy and disclosures of confidential sources of information or confidential information relating to a criminal investigation. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the denial or redaction of the documents. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Contrary to petitioner's contention, the fact that the lead sheets were provided to defense counsel at petitioner's criminal trial does not mandate wholesale disclosure of the information contained in the sheets under FOIL at this juncture. Rather, he is entitled to production of the documents only to the extent they are not specifically exempt under FOIL (*see*, Public Officers Law § 87; *Matter of Scarola v Morgenthau*, 246 AD2d 417). In any event, the record discloses that the two sheets utilized during the trial by defense counsel were provided to petitioner and there is no indication that any of the statements of individuals contacted during the investigation were utilized during petitioner's criminal trial.

Based upon our in camera inspection of the unredacted lead sheets, we are of the view that petitioner was provided with all information not specifically exempted under FOIL (*see*, Public Officers Law § 87 [2] [b], [e] [iii], [iv]). Notwithstanding petitioner's claim that he already knew the identities of the people interviewed by the State Police during the criminal investigation (*see*, *Matter of Johnson v New York City Police Dept.*, 257 AD2d 343, 348, *lv dismissed* 94 NY2d 791), we find that the sheets regarding communications with the victim's relatives, as well as information pertaining to contacts with individuals who did not provide information, were properly deemed exempt based on the privacy exemption of FOIL (*see*, Public Officers Law § 87 [2] [b]; *Matter of Mulhall v Fitzgerald*, 249 AD2d 852; *Matter of Spencer v New York State Police*, 187 AD2d 919, 922; *Matter of Allen v Strojnowski*, 129 AD2d 700, *appeal dismissed* 70 NY2d 871). It is also our view that Supreme Court was correct in denying access to those portions of the lead sheets that, if disclosed, could reveal nonroutine procedures utilized by law enforcement personnel in conducting criminal investigations and gathering information (*see*, Public Officers Law § 87 [2] [e] [iv]; *Matter of Spencer v New York State Police, supra*). Petitioner's remaining contention regarding alleged evidence tampering has already been considered and found lacking in merit by this Court (*see*, *People v De Oliveira*, 223 AD2d 766, *lv denied* 88 NY2d 1020).

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.