In the Matter of JUAN ROQUE, Appellant, v KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, Respondent. [784 NYS2d 155]—

In a proceeding pursuant to CPLR article 78 to compel disclosure of records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Kings County (Harkavy, J.), dated May 21, 2003, which denied his supplemental petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner commenced this CPLR article 78 proceeding to compel the respondent Kings County District Attorney's Office to produce material pertaining to his prosecution in the Supreme Court, Kings County, under indictment No. 8178/96. The Supreme Court dismissed the supplemental petition, finding, inter alia, that the respondent complied with the petitioner's request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) by producing over 3,000 pages of documents, and that certain other documents, includ-

ing transcripts of court proceedings, were exempt from FOIL disclosure.

Contrary to the petitioner's contention, the respondent correctly denied his request for the records of criminal convictions and pending criminal cases for 10 particular witnesses who testified at his trial since he failed to submit a "written request for a record reasonably described" as required under Public Officers Law § 89 (3) (*see Matter of Bader v Bove*, 273 AD2d 466 [2000]). The petitioner failed to provide dates of birth, addresses, or other identifiable information for these persons to distinguish their records from the records of other people. Further, transcripts of court proceedings are not agency records, and are not subject to FOIL disclosure (*see Matter of Moore v Santucci*, 151 AD2d 677, 680 [1989]). Accordingly, the Supreme Court did not err in denying the supplemental petition and dismissing the proceeding.

The petitioner's remaining contention is without merit. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.