In the Matter of DOMINIC DUPONT, Appellant, v KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, Respondent. [790 NYS2d 505]—

In a proceeding pursuant to CPLR article 78 to review a determination of the District Attorney of Kings County, which denied, in part, the petitioner's request pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*) for certain documents pertaining to his criminal conviction, the petitioner appeals, as limited by the brief, from stated portions of a judgment of the Supreme Court, Kings County (Lewis, J.), dated August 14, 2003, which, inter alia, denied those branches of the petition which sought disclosure of subpoenas, court orders, and transcripts of court proceedings relating to the petitioner's criminal conviction.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof denying those branches of the petition which sought disclosure of subpoenas and court orders in the respondent's possession relating to the petitioner's criminal conviction; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.* [hereinafter FOIL]), the petitioner sought certain documents from the respondent relating to his criminal conviction. The petitioner was not entitled to additional copies of documents which were already furnished to him or his attorney in his criminal trial (*see Matter of Khatibi v Weill,* 8 AD3d 485, 486 [2004]) or documents which the respondent certified it did not possess (*see Matter of Rattley v New York City Police Dept.,* 96 NY2d 873, 874 [2001]; *Matter of Lewis v Hynes,* 208 AD2d 731 [1994]). Interagency or intra-agency memoranda are generally exempt from FOIL pursuant to Public Officers Law § 87 (2) (g). Further, the petitioner was not entitled to transcripts of court proceedings from the respondent (*see Matter of Roque v Kings County Dist. Attorney's Off.,* 12 AD3d 374 [2004]).

However, the respondent acknowledges that court orders in its possession were not exempt from disclosure pursuant to the judicial records exemption to FOIL (*see* Public Officers Law § 86). Subpoenas in the respondent's possession were not subject to the judicial records exemption (*see Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359 [2002]). However, such documents may be exempt from disclosure pursuant to Public Officers Law § 87 (2) or another provision of the law. Accordingly, we remit the matter to the Supreme Court, Kings County, to determine, in the first instance, whether the documents are exempt from disclosure pursuant to Public Officers Law § 87 (2) or another provision of the law (*see City of Newark v Law Dept. of City of N.Y.*, 305 AD2d 28, 33-34 [2003]).

The petitioner's remaining contentions either are without merit or are academic in light of the undisputed fact that subsequent to the judgment appealed from, the respondent disclosed additional documents and certified that other documents could not be located in its possession. Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur. [*See* 2003 NY Slip 51217(U).]