■ In the Matter of HARRY EBERHART, Appellant, v KEVIN CROZIER, Respondent. [854 NYS2d 747]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel Kevin Crozier to produce certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered July 6, 2006, which, in effect, denied the petition as academic.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying as academic that branch of the petition which sought the production of a complete copy of the City of Yonkers Police Department Property Clerk voucher, dated December 1, 1993, and bearing serial number 95830, including the Property Clerk receipt number, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the time for the respondent to produce to the petitioner a complete copy of the City of Yonkers Police Department Property Clerk voucher, dated December 1, 1993, and bearing serial number 95830, which includes the Property Clerk receipt number, shall be within 30 days after service upon him of a copy of this decision and order.

This proceeding was rendered substantially academic upon the respondent's production, with his verified answer, of certain

documents responsive to the petitioner's Freedom of Information Law (Public Officers Law art 6, hereinafter FOIL) request, along with the respondent's sworn representation that those documents constituted all of the responsive materials in the possession of the City of Yonkers, with one exception. The exception was a spent bullet recovered at the scene of an incident that allegedly took place at the petitioner's home on December 1, 1993. The petitioner had requested access to the bullet for the purpose of independent testing. As to that item, the respondent stated that the petitioner would be permitted access to the bullet upon his request, at a location to be designated by the Yonkers Police Department.

Accordingly, the Supreme Court correctly denied the petition as academic (*see Matter of Rattley v New York City Police Dept.,* 96 NY2d 873 [2001]; *Matter of Dupont v Kings County Dist. Attorney's Off.,* 15 AD3d 480, 481 [2005]), with the following exception. One of the documents the respondent produced, a copy of a City of Yonkers Police Department Property Clerk voucher, dated December 1, 1993, and bearing serial number 95830, was incomplete. It failed to include the bottom portion of the document, including the Property Clerk receipt number. The respondent has not claimed that the missing information is exempt from disclosure under FOIL. Accordingly, we modify the judgment to direct the respondent to produce a complete copy of the subject document.

We note that the respondent contends on appeal that the bullet does not constitute a "record" within the meaning of FOIL (*see* Public Officers Law § 86 [4]), and therefore he has no obligation to permit access to it. Having taken a contrary position in the Supreme Court, thereby inducing the Supreme Court, in effect, to deny as academic the relevant branch of the petition, the respondent's contention is not properly before this Court on this appeal.

The petitioner's remaining contentions are without merit. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.