In the Matter of ANTHONY BADALAMENTI, Appellant, v OFFICE OF DISTRICT ATTORNEY NASSAU COUNTY, Respondent. [933 NYS2d 359]—

Contrary to the petitioner's contention, he was not entitled to the disclosure of a cellular phone entered into evidence at his criminal trial under the Freedom of Information Law (hereinafter FOIL), as "physical evidence does not fall within the statutory definition of a 'record' " (*Matter of Allen v Strojnowski*, 129 AD2d 700, 700-701 [1987]; *see Matter of Sideri v Office of Dist. Attorney of N.Y. County*, 243 AD2d 423 [1997]; *Matter of Dobranski v Houper*, 154 AD2d 736, 739 [1989]).

Further, with respect to the request for disclosure of a recording and accompanying transcript from an alleged second call to the 911 emergency number that the petitioner's girlfriend placed, the Nassau County District Attorney's Office (hereinafter the District Attorney's Office) established that no such recording is in its possession. The District Attorney's Office is under no obligation to furnish the petitioner with records it does not possess (*see Matter of Walsh v Wasser*, 225 AD2d 911, 911-912 [1996]; *Matter of Adams v Hirsch*, 182 AD2d 583 [1992]). The District Attorney's Office otherwise established that it provided the petitioner with copies of all pertinent 911 emergency number recordings during his criminal trial. The petitioner is not entitled to additional copies unless he can show that the copies are no longer in his or his attorney's possession, a showing he failed to make (*see Matter of Dupont v Kings County Dist. Attorney's Off.*, 15 AD3d 480 [2005]; *Matter of Khatibi v Weill*, 8 AD3d 485, 486 [2004]; *Matter of Williams v Erie County Dist. Attorney*, 255 AD2d 863, 864-865 [1998]; *Matter of Moore v Santucci*, 151 AD2d 677, 678 [1989]).

In light of our determination, the petitioner's remaining contentions have been rendered academic. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.