Matter of Pendell v Columbia County Dist. Attorney's Off. (2018 NY Slip Op 07374)





Matter of Pendell v Columbia County Dist. Attorney's Off.


2018 NY Slip Op 07374


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

523962

[*1]In the Matter of PERRY PENDELL, Appellant,
v
COLUMBIA COUNTY DISTRICT ATTORNEY'S OFFICE, Respondent.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Perry Pendell, Coxsackie, appellant pro se.
Paul Czajka, District Attorney, Hudson (Trevor O. Flike of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered October 5, 2016 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.
In 2014, petitioner was convicted of numerous crimes stemming from his sexual contact with a 14-year-old girl (People v Pendell, 164 AD3d 1063 [2018]). In 2015, petitioner submitted a request to respondent pursuant to the Freedom of Information Law (see Public Officers Law art 6) seeking documents and other evidence submitted at his trial. Although petitioner was provided with some material, respondent denied petitioner's continued request for disclosure of additional information on the basis that the records were exempt from disclosure because it would interfere with judicial proceedings — namely, petitioner's pending appeal from his criminal conviction. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding, seeking "discovery material, evidence and evidence in chief" that was given to defense counsel prior to or at the trial in accordance with CPL article 240. Supreme Court dismissed the petition. Petitioner appeals.
The instant appeal must be dismissed as academic. Although "[a] court is limited to considering only those exemptions to disclosure that are invoked by the party from whom disclosure is sought" (Matter of Rose v Albany County Dist. Attorney's Off., 141 AD3d 912, 914 [2016]), it is also well settled that a court "may take judicial notice of a record in the same court of either the pending matter or of some other action" (Matter of Allen v Strough, 301 AD2d 11, 18 [2002]). We note that the requested records and exhibits were furnished to petitioner's appellate counsel; therefore, respondent is under no obligation to furnish additional copies (see Matter of Badalamenti v Office of Dist. Attorney Nassau County, 89 AD3d 1019, 1020 [2011]; Matter of Dupont v Kings County Dist. Attorney's Off., 15 AD3d 480, 480 [2005]; Matter of Khatibi v Weill, 8 AD3d 485, 486 [2004]; Matter of Franklin v Keller, 254 AD2d 83, [*2]83 [1998]). As petitioner obtained the requested records through his appellate counsel, whether respondent properly denied his Freedom of Information Law request has been rendered academic, and this appeal must be dismissed.
Egan Jr., J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the appeal is dismissed, without costs.