Matter of Dawes v Annucci (2019 NY Slip Op 02931)





Matter of Dawes v Annucci


2019 NY Slip Op 02931


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

526191

[*1]In the Matter of IAN DAWES, Appellant- Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent- Respondent.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Ian Dawes, Attica, appellant-petitioner pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent-respondent.



MEMORANDUM AND ORDER
Garry, P.J.
(1) Appeal from a judgment of the Supreme Court (Young, J.), entered May 8, 2017 in Albany County, which, among other things, dismissed that part of petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision denying certain of petitioner's requests under the Freedom of Information Law, and (2) proceeding pursuant to CPLR article 78 (partially transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While waiting for medications in the prison infirmary, petitioner became agitated and made an insulting comment about a nurse. When a female correction officer told him to stop complaining, he became even more agitated, insulted the officer, ignored her directive to cease such conduct, and turned toward her in an aggressive manner with clenched fists. Another correction officer intervened and escorted petitioner back to his cell. As a result of this incident, petitioner was charged in a misbehavior report with making threats, causing a disturbance, engaging in violent conduct, refusing a direct order and harassment. Following a tier III disciplinary hearing, he was found guilty of the charges, and the determination was affirmed on administrative appeal with a modified penalty.
A few days after the above incident, petitioner was again at the infirmary getting medications when he became boisterous and shouted a profane comment. After a correction officer ordered him to leave the area, he tried to strike the officer in the face with a closed fist. That officer and another correction officer became involved in a physical altercation with [*2]petitioner until he was eventually restrained and escorted back to his cell. Petitioner was charged in a second misbehavior report with assaulting staff, making threats, refusing a direct order and engaging in violent conduct. He was found guilty of the charges following a tier III disciplinary hearing, and the determination was later upheld on administrative appeal.
The day after this incident, petitioner refused to come out of his cell for a urinalysis test. He was charged in a third misbehavior report with refusing a direct order, harassment and failing to comply with urinalysis testing procedures. Following a tier III disciplinary hearing, he was found guilty of the first two charges, but not guilty of the last. This determination was also upheld on administrative appeal.
As a result of the incidents that occurred at the infirmary, petitioner made requests under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) for, among other things, information concerning the brand, model, specifications and capabilities of the video cameras installed at the correctional facility, as well as certain audio and video recordings of areas of the facility where the incidents occurred. These requests were denied, and the denials were upheld on administrative appeal.
Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the three disciplinary determinations as well as the determination denying his FOIL requests. Following joinder of issue, Supreme Court transferred that part of the proceeding to this Court challenging the three disciplinary determinations. The court then dismissed that part of the petition challenging the denial of petitioner's FOIL requests for audio and video recordings, but directed the Department of Corrections and Community Supervision to provide information concerning the brand, model, specifications and capabilities of the video cameras installed at the facility for in camera review and to explain the reason that such disclosure fell within the exemption provisions of Public Officers Law § 87. Petitioner appeals from this judgment.[FN1]
Turning to the first disciplinary determination, the detailed misbehavior report and testimony of correction officers familiar with the incident provide substantial evidence supporting the determination of guilt (see Matter of Young v Prack, 142 AD3d 1226, 1227 [2016]; Matter of Osborne v Venettozzi, 141 AD3d 990, 991 [2016]). Although petitioner maintained that the misbehavior report was written in retaliation for his prior grievances, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Harriott v Koeningsmann, 149 AD3d 1440, 1441 [2017]; Matter of Williams v Fischer, 69 AD3d 1278, 1278 [2010]). Contrary to petitioner's claim, the record discloses that the hearing was timely commenced within seven days of the misbehavior report that resulted in his confinement (see 7 NYCRR 251-5.1 [a]; Matter of Dushain v Annucci, 152 AD3d 1120, 1121 [2017]).
Turning to the second disciplinary determination, we find no merit to petitioner's claim that he was improperly denied the right to have certain staff testify at the hearing as they were not present during the incident, and thus could not provide relevant testimony (see Matter of Bradshaw v Annucci, 163 AD3d 1380, 1381 [2018]; Matter of Amaker v Boyd, 162 AD3d 1418, 1419 [2018]). Moreover, the record does not substantiate petitioner's claim that his assistant was ineffective because he failed to interview staff witnesses (see generally Matter of Hutchinson v Annucci, 149 AD3d 1443, 1444 [2017]). Further, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Brown v Venettozzi, 164 AD3d 1583, 1584 [2018]; Matter of Swinton v Venettozzi, 164 AD3d 1584, [*3]1585 [2018]). Petitioner's remaining contentions with regard to both of these disciplinary determinations have been considered and found to be unpersuasive.[FN2]
As to petitioner's FOIL requests, his contention that he was improperly denied certain audio and video recordings regarding the second misbehavior report is without merit. The record reveals that such recordings did not exist (see e.g. Matter of Mulhall v Fitzgerald, 249 AD2d 852, 853 [1998]). Lastly, petitioner is foreclosed from challenging the denial of his FOIL requests seeking information concerning the brand, model, specifications and capabilities of the video cameras installed at the correctional facility as he failed to appeal from Supreme Court's judgment upholding the denial (see Matter of Covington v Smith, 63 AD3d 1453, 1454 n [2009], lv denied 13 NY3d 709 [2009]).
Egan Jr., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.
ADJUDGED that the disciplinary determinations are confirmed, without costs, and petition dismissed to said extent.



Footnotes

Footnote 1: Supreme Court issued a subsequent judgment dismissing that part of the petition seeking disclosure of the brand, model, specifications and capabilities of the video cameras installed at the facility upon finding that such information was exempt pursuant to Public Officers Law § 87 (2) (f). Petitioner has not appealed from this judgment.

Footnote 2: Although the petition sought to annul the third disciplinary determination, petitioner has abandoned any challenge to this determination by failing to raise any arguments in his brief with respect thereto (see Matter of Davis v Bedard, 161 AD3d 1473, 1474 [2018]).