OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Petitioner, then involved in litigation against the State, requested disclosure pursuant to the Freedom of Information Law (Public Officers Law, art 6) of any State Police regulations concerning an officer’s duty to record conversations while wearing a monitoring device. The request was denied on the grounds that the materials were compiled for law enforcement purposes and would if disclosed reveal criminal investigative techniques and procedures, and that they were intra-agency materials (Public Officers Law § 87 [2] [e] [iv]; § 87 [2] [g] [ii]). Special Term, after an in camera inspection of all relevant materials, was of the view that article 13G of the Administrative Manual of the New York State Police should be disclosed, but the Appellate Division, which conducted its own in camera inspection, reached a different conclusion. The Appellate Division felt that the procedures contained in article 13G were not routine, and that revealing such information — particularly the special restrictions placed on State Police in addition to those imposed by law, *862 as well as trade names and other details — could “allow miscreants to tailor their activities to evade detection.” (102 AD2d 668, 671.) The dissenting Justice felt that, with some modest pruning of information describing nonroutine procedures which could aid a suspect in evading detection, article 13G of the Manual should be disclosed.
The determinations made below regarding whether disclosures of particular sections of the Administrative Manual would reveal criminal investigative techniques and procedures plainly involved an application of the courts’ discretion to their inspection of the materials in dispute. Special Term reached one conclusion, which was challenged by respondent as an abuse of discretion, and the Appellate Division, vested with the same power and discretion as Special Term, reached another. As an exercise of discretion, the determination of the Appellate Division will be disturbed by this court only where there is an abuse of discretion as a matter of law — a contention not urged by petitioner here (see, Brady v Ottaway Newspapers, 63 NY2d 1031; see also, Matter of Von Bulow, 63 NY2d 221, 224; and Matter of Attorney-General v Katz, 55 NY2d 1015, 1017). We therefore affirm the Appellate Division order dismissing petitioner’s complaint.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, without costs, in a memorandum.