Robert L. HALL, Plaintiff,

v.

Carl G. DWORKIN, David Mathis, Christopher Rosetti, Donald Nicklas, Joseph Spinelli, Felice Trifaro, Dominick Della Rocco, Jim Sikora, Robert Winn, Donald M. Paxson, Pepsi–Cola of Albany Bottling Co., Niagara Mohawk Power Corp., Town of Colonie Police Department, New York State Office of Inspector General, New York State Department of Environmental Conservation, and Central Intelligence Agency, Defendants.

No. 93–CV–0338.

United States District Court, N.D. New York.

July 28, 1993.

Robert L. Hall, pro se.

Robert Abrams, Atty. Gen., Albany, NY (Sue H.R. Adler, Asst. Atty. Gen., of counsel), for defendants Dworkin, Mathis, Rosetti, Nicklas, Spinelli, N.Y.S. Office of Inspector General and N.Y.S. Dept. of Environmental Conservation.

Hiscock & Barclay, Albany, NY (Robert L. Adams, of counsel), for defendants Della Rocco and Niagara Mohawk Power Corp.

Maynard, O'Connor & Smith, Albany, NY (Stephen C. Prudente, of counsel), for defendants Trifaro, Winn, and Colonie Police Dept.

Tobin & Dempf, Albany, NY (William H. Reynolds, of counsel), for defendants Sikora and Pepsi–Cola Bottling Co. of Albany.

Gary L. Sharpe, U.S. Atty., Torts Branch–Civ. Div., U.S. Dept. of Justice, Washington, DC (Gordon W. Daiger, Matthew T. Fricker, Asst. U.S. Attys., of counsel), for defendant C.I.A.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

Plaintiff Robert Hall ("Hall"), appearing *pro se*, commenced the instant action on March 12, 1993 alleging racially motivated violations of his civil rights under 42 U.S.C. § 1983. Plaintiff has moved the court pursuant to 28 U.S.C. § 455 to disqualify this court and Magistrate Ralph W. Smith, Jr. on grounds of racial bias against plaintiff. All defendants, in turn, have moved for dismissal of plaintiff's complaint pursuant to either Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND and FACTS

Hall initially alleges that on November 19, 1992 he was discharged by his former employer, the New York State Department of Environmental Conservation ("NYSDEC"), in retaliation for an October 5, 1992 letter he sent to the New York State Office of the Inspector General ("NYSOIG") which purportedly documented "criminal corruption" at the NYSDEC (Compl. ¶¶ 6–8). The nature of the alleged corruption is not detailed in the complaint and is, for all practical purposes, not material on this motion to dismiss.

Plaintiff then proceeds, in a somewhat disjointed manner, to set forth a litany of allegedly racially discriminatory actions taken by the various defendants, all of which he contends have violated his constitutional civil rights. Briefly, the allegations are as follows: (1) the NYSOIG, as an act of racial discrimination, sent plaintiff a subpoena requesting copies of his birth certificate, New York State driver's license and social security cards (Compl. ¶¶ 9–10); (2) defendants Rosetti, Nicklas and Spinelli, all employees of the NYSOIG, conspired with other individual defendants to deprive plaintiff of his constitutional rights (Compl. ¶ 10); (3) plaintiff "believes" that defendants Town of Colonie Police Department ("Colonie Police"), Niagara Mohawk Power Corporation ("Niagara Mohawk"), and Pepsi–Cola of Albany Bottling Company ("Pepsi–Cola") all use in their vehicles certain electronic vehicle location systems by which they track vehicles on the road (Compl. ¶¶ 11–13); (4) the Central Intelligence Agency ("CIA"), Colonie Police, Niagara Mohawk, Pepsi–Cola and various individual defendants conspired to deprive plaintiff of his constitutional rights by following him around in his car in an effort to harass (Compl. ¶ 14, 22, 25, 30, 34); (5) several of Niagara Mohawk's and Pepsi–Cola's trucks and cars either followed plaintiff in his car or attempted to run into plaintiff's car on various highways and dates (Compl. ¶¶ 14, 15, 16); (6) on March 8, 1993, defendant Colonie Police officers Robert Winn ("Winn") and Felice Trifaro ("Trifaro") stopped plaintiff at an arbitration grievance proceeding, temporarily placed him under arrest, took and searched his wallet, threatened plaintiff with bodily injury and/or arrest, and otherwise harassed him (Compl. ¶ 17, 26); (7) plaintiff "believes" that defendant Carl G. Dworkin ("Dworkin"), a NYSDEC employee, had the aforementioned arbitration proceeding transferred from Schenectady to Colonie, N.Y. in order that the Colonie Police could take the actions alleged above (Compl. ¶ 18); (8) various of the defendants are "deranged, psychotic, white supremist [sic] racists, that are used by the New York State Inspector General's office to carry out its' [sic] racist and criminal agenda in New York state." (Compl. ¶ 21); (9) the CIA and the NYSOIG are racist, white supremacist and criminal organizations, and that several of its employees, named defendants herein, conspired with the NYSDEC and Colonie Police to do plaintiff bodily injury (Compl. ¶ 23–24, 34); (10) defendant James Sikora ("Sikora"), a sales manager at Pepsi–Cola, subjected plaintiff to unspecified racial harassment (Compl. ¶ 27); (11) defendant Dominick Della Rocco ("Della Rocco"), an employee of Niagara Mohawk, instructed Niagara Mohawk drivers to follow plaintiff and harass him (Compl. ¶ 22); (12) and finally, it is plaintiff's "belief" that this Court and Magistrate Judge Ralph W. Smith, Jr. received monetary bribes from defendant Donald Paxson ("Paxson"), allegedly an employee of the CIA, so that plaintiff would receive unfavorable ruling(s) in his prior action(s) (Compl. ¶ 33).

Plaintiff sues all individual defendants in their individual and official capacities and demands injunctive relief enjoining defen-

dants from further racially motivated and retaliatory actions, as well as compensatory damages in the sum of thirty million dollars ($30,000,000.00) and punitive damages in the sum of ninety million dollars ($90,000,000.00).

## II. PRESENT MOTIONS

On April 12, 1993, defendants Dworkin, Mathis, Rosetti, Nicklas, Spinelli, the NY-SOIG, and the NYSDEC (the "State defendants") filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The State defendants also seek Rule 11 sanctions and an order enjoining defendant from instituting federal legal actions without prior court approval.[1]

On May 13, 1993, defendant CIA filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6).

On May 17, 1993, plaintiff filed a motion pursuant to 28 U.S.C. § 455 to disqualify this judge and Magistrate Judge Ralph W. Smith, Jr. from presiding over this action on grounds of racial bias toward plaintiff. On May 28, 1993, defendants Niagara Mohawk and Della Rocco filed papers in opposition to plaintiff's motion for disqualification.

On June 3, 1993, defendants Sikora and Pepsi-Cola filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56. They also join in the motion for Rule 11 sanctions and an order enjoining plaintiff from instituting federal legal actions without prior court approval.

All motions were taken on a submission basis.

For the reasons that follow, defendants' motions are granted in part and denied in part. Plaintiff's motion is denied.

## III. DISCUSSION

### A. Disqualification Under 28 U.S.C. § 455

As a threshold matter, the court addresses plaintiff's request that the court disqualify itself and Magistrate Judge Smith from presiding over the instant action. Plaintiff alleges that this court has shown "bias to the plaintiff in his ... legal actions No's 89–CV–0805, 92–CV–0834, and 92–CV–894." Pltf. Notice of Motion 05/14/93, ¶ c. Plaintiff asserts that disqualification is warranted inasmuch as this court and Magistrate Judge Smith are "named in this legal action ... [and] are incapable of making an unbiased decision in this matter." Pltf. Mem. of Law 05/14/93. Finally, and perhaps most disturbingly, plaintiff states that it is his "belief" that this court and Magistrate Judge Smith received monetary bribes as an inducement to rule against plaintiff in a prior action. *See Hall v. N.Y.S. Dep't of Envtl. Conservation,* 89–CV–805 (N.D.N.Y.).

The motion is denied.

Section 455 of Title 28 [2] of the United States Code contains two independent provisions. Section 455(a) provides, in pertinent part, that "Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned." 28 U.S.C.A. § 455(a) (Supp.1993) (emphasis added). The statute further provides that a judge shall "disqualify himself ... [w]here he has a personal bias or prejudice concerning a party ...". 28 U.S.C.A. § 455(b)(1) (Supp. 1993). Because plaintiff's sole ground for disqualification is alleged bias, the court treats section 455(b)(1) first.

---

1. Defendants Della Rocco and Niagara Mohawk filed their answer on April 2, 1993, denying all material allegations and asserting two affirmative defenses: failure to state a claim upon which relief can be granted and lack of jurisdiction. Niagara Mohawk Answer ¶¶ 34, 35.

Defendants Trifaro, Winn and the Colonie Police filed their answer on April 9, 1993, denying the material allegations and asserting a variety of affirmative defenses, including failure to state a claim upon which relief can be granted and that,

in stopping or otherwise detaining plaintiff, the officers acted upon reasonable and/or probable cause. Colonie Police Answer ¶¶ 6, 9.

Defendants Sikora and Pepsi–Cola filed their answer on April 23, 1993, denying the material allegations in plaintiff's complaint and asserting a variety of affirmative defenses, including failure to state a claim. Pepsi Answer ¶¶ 8, 13.

2. Plaintiff has not moved pursuant to 28 U.S.C. § 144.

It is settled that § 455(b)(1) "looks to *extrajudicial* conduct as the basis for making such a determination, not conduct which arises in a judicial context," *U.S. v. Terry*, 802 F.Supp. 1094, 1097 (S.D.N.Y.1992) (quoting *Apple v. Jewish Hosp. & Medical Center*, 829 F.2d 326, 333 (2d Cir.1987) (emphasis added)). Moreover, a motion to recuse is committed to the sound discretion of the district court judge, *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988), *reh'g denied*, 869 F.2d 116 (2d Cir.1989), *cert. denied sub. nom.*, *Milken v. SEC*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989), and there is a "substantial burden" on the moving party to demonstrate that the judge is not impartial. *Shabazz v. Scully*, 1993 WL 8182, *1, 1993 U.S.Dist. LEXIS 3, *1 (S.D.N.Y.1993); *Lamborn v. Dittmer*, 726 F.Supp. 510, 514 (S.D.N.Y.1989); *U.S. v. Int'l Business Mach. Corp.*, 475 F.Supp. 1372, 1379 (S.D.N.Y.1979), *aff'd*, 618 F.2d 923 (2d Cir.1980). To meet this burden, plaintiff must proffer evidence to show that "a reasonable person knowing and understanding all the relevant facts would recuse the judge[s]." *In re Drexel Burnham, supra*, 861 F.2d at 1313; *Apple, supra*, 829 F.2d at 333 (citing *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)).

In the case at bar, plaintiff has failed to meet his burden and the court finds no merit to his contentions. Hall has failed to present any evidence of, or suggest any motive for, bias or other wrongful conduct which could lead a reasonable person to conclude that disqualification is warranted.[3] His allegations, scurrilous indeed, are based solely on supposition and conclusory allegations, unsupported by even a shred of factual evidence or detail. As is not uncommon, the only logical explanation for plaintiff's motion is that he is unhappy with this court's prior rulings in this and his other cases. It is well

settled, however, that personal bias or prejudice "means prejudice based on 'extrajudicial matters,' and earlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality." *U.S. v. Colon*, 961 F.2d 41, 44 (2d Cir.1992); *Arocena v. U.S.*, 721 F.Supp. 528, 530 (S.D.N.Y. 1989), *aff'd*, 902 F.2d 1556 (2d Cir.), *cert. denied* 496 U.S. 938, 110 S.Ct. 3219, 110 L.Ed.2d 666 (1990). Finally, "[a] judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987). Plaintiff's accusations of impartiality, as well as his perceptions of persecution, unquestionably fall within this category.

Turning to the broader provision of § 455, subsection (a), it is settled that inasmuch as plaintiff's motion to recuse rests solely on allegations of bias or prejudice on the part of the court, a motion under § 455(a) is not appropriate and therefore should not be granted. *Apple, supra*, 829 F.2d at 333 ("When, as here, a party has not alleged any grounds for recusal other than those relating to the district court's alleged bias or prejudice, those broader grounds [for recusal] are not implicated.") (citing *U.S. v. Sibla*, 624 F.2d 864, 867 (9th Cir.1980)).

In short, Plaintiff has failed to meet his burden for disqualification under 28 U.S.C. § 455. As such, the court has no choice but to deny his motion. *See In re Drexel Burnham, supra*, 861 F.2d at 1312 (a "judge is as much obliged *not* to recuse himself when it is not called for as he is obliged to when it is.").[4]

### B. Rule 12(b)(6) Failure to State a Claim

#### 1. Standard of Review

On a motion to dismiss, the facts alleged by the plaintiff are assumed to be

---

3. Plaintiff also seeks disqualification based on the fact that this court and Magistrate Judge Smith "will probably be called as witnesses in this current action." Pltf. Notice of Motion 05/14/93, ¶ e. As plaintiff's conspiracy claim is dismissed in its entirety with prejudice, there is no chance that either this court or Magistrate Judge Smith will appear as witnesses in this matter. Thus, plaintiff's motion on this basis is likewise denied.

4. The only case cited by plaintiff is wholly inapposite. *See Hall v. Small Business Admin.*, 695 F.2d 175 (5th Cir.1983) (a law clerk's membership in the plaintiff's class, and "continuing participation with the magistrate judge in a case in which her future employer was counsel gave rise to an appearance of partiality."). The instant case, by contrast, involves no facts upon which a reasonable person could find even an appearance of impartiality.

true and must be liberally construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). While the court need not accept mere conclusions of law, the court should accept the pleader's description of what happened along with any conclusions that can reasonably be drawn therefrom. *Murray v. City of Milford,* 380 F.2d 468 (2d Cir.1967).

■ The court also notes with emphasis its obligation to afford plaintiff every favorable inference arising from his *pro se* status, as well as from his position as non-movant on these motions to dismiss. To be sure, because *pro se* plaintiffs are often unfamiliar with the formalities of pleading requirements, "the Supreme Court has instructed the district courts to construe *pro se* complaints liberally and to apply a more flexible standard in, determining the sufficiency of a *pro se* complaint than they would in reviewing a pleading submitted by counsel." *Platsky v. CIA,* 953 F.2d 26, 28 (2d Cir.1991) (citing *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam)); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam).

■ Further, the Supreme Court has recently held that federal courts are barred from applying a "heightened pleading standard" in civil rights cases under § 1983. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (addressing municipal liability under *Monell v. Dep't of Social Serv.,* 436 U.S. 658, 98 S.Ct.

2018, 56 L.Ed.2d 611 (1978)).[5] Thus, the court's initial inquiry is merely directed to whether the allegations constitute a statement of claim under Rule 8(a), which calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

Consequently, plaintiff's complaint should not be dismissed for failure to state a claim unless it appears, beyond doubt, that he can prove no set of facts which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985); *Wanamaker v. Columbian Rope Co.,* 740 F.Supp. 127 (N.D.N.Y. 1990). With this standard in mind, the court proceeds to determine whether plaintiff has stated a cause of action under 42 U.S.C. § 1983.

### 2. Elements of a Claim Under 42 U.S.C. § 1983

To state a civil rights claim under 42 U.S.C. § 1983,[6] a plaintiff must allege facts showing that a person acting under color of state law deprived plaintiff of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). "By the plain terms of § 1983, two—any only two—allegations are required in order to state a cause of action under that statute. First, plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has de-

---

**5.** While the *Leatherman* holding concerned only a municipal § 1983 claim, and therefore did not *expressly* abrogate a heightened pleading standard with respect to non-municipal claims, other district courts have since construed *Leatherman* broadly, declining to apply a heightened pleading standard in non-*Monell* contexts as well. *See, e.g., Warwick Admin. Group v. Avon Prods., Inc.,* 820 F.Supp. 116, 120, 1993 U.S.Dist. LEXIS 6710, ⁺8–9 (S.D.N.Y.1993) (CERCLA action).

**6.** Title 42 U.S.C. § 1983 provides, in pertinent part:

Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983 (1981).

prived him of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Costello v. Town of Fairfield,* 811 F.2d 782 (2d Cir.1987); *Rounseville v. Zahl,* 819 F.Supp. 1148, 1156–57 (N.D.N.Y.1993).

Turning to the complaint, which is by no means clear, plaintiff alleges in a very broad fashion that all defendants are racists and/or terrorists who have attempted to deprive him of his constitutional rights. Reading the complaint liberally, however, Hall arguably alleges three distinct causes of action under § 1983—first, a retaliatory discharge in violation of his First Amendment rights; second, a conspiracy to harass or otherwise discriminate against him on public highways in violation of his equal protection rights; and third, an unreasonable search and/or false arrest in violation of his Fourth Amendment rights.

The court will address the sufficiency of each claim *seriatum.*

### 3. First Amendment Retaliation Claim

 First, Hall alleges that he was discharged on November 19, 1992 by the NYSDEC in retaliation for a letter he sent to the NYSOIG which purportedly documented "criminal corruption" at the NYSDEC (Compl. ¶¶ 6–7).

 It is well settled that a public employer cannot discharge or retaliate against an employee for the exercise of the employee's First Amendment free speech right. *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972). "To recover on a first amendment claim under § 1983, a plaintiff must demonstrate that his conduct is deserving of first amendment protection and that the defendants' conduct of harassment was motivated by or substantially caused by his exercise of free speech." *Easton, supra,* 947 F.2d at 1015 (quoting

*Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 58 (2d Cir.1987)); *see also Ezekwo v. N.Y.C. Health & Hosp. Corp.,* 940 F.2d 775, 780–81 (2d Cir.) (citing *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977)), *cert. denied,* —— U.S. ——, 112 S.Ct. 657, 116 L.Ed.2d 749 (1991).

 With respect to the first prong, whether the letter in the instant case constitutes free speech protected by the First Amendment is an issue of law, not fact, for the court to decide. *Connick v. Myers,* 461 U.S. 138, 148 n. 7, 103 S.Ct. 1684, 1691 n. 7, 75 L.Ed.2d 708 (1983); *see also Rankin v. McPherson,* 483 U.S. 378, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987). In making this determination, the pertinent question is whether the speech at issue can "be fairly characterized as constituting speech on a matter of public concern." *Id.* 461 U.S. at 146, 103 S.Ct. at 1690. Furthermore, the court must look to the speaker's motive "in analyzing whether the speech qualifies as a matter of public concern, *i.e.,* whether the speech *was calculated* to disclose misconduct or dealt with only personal disputes and grievances with no relevance to the public interests." *Poulsen v. City of North Tonawanda,* 811 F.Supp. 884, 894 (W.D.N.Y.1993) (quoting *Conaway v. Smith,* 853 F.2d 789, 796 (10th Cir.1988) (emphasis in original)).

Viewed objectively, Hall's letter relates to a matter of public concern. His complaints were not personal in nature, but instead involve alleged "criminal corruption at NYSDEC . . . [that] plaintiff . . . had observed while conducting remedial investigations at inactive hazardous waste sites." (Compl. ¶ 6). Because alleged corruption in the New York State Department of Environmental Conservation clearly constitutes a matter of public concern, Hall's complaint is sufficient as to the first prong of a retaliation claim.[7]

---

7. Hall's letter has not been presented on these motions and thus the court does not consider its contents in making this determination. Nevertheless, taking plaintiff's allegations to be true, as the court must do on this motion, the court finds as a matter of law that reports of "corruption" do, in fact, constitute matters of public concern. The court in *Conaway, supra,* stated that "[s]peech which discloses any evidence of cor-

ruption, impropriety, or other malfeasance . . . clearly concerns matters of public import." *Conaway,* 853 F.2d at 796 (emphasis added); *see also Rookard v. Health & Hosp. Corp.,* 710 F.2d 41, 43 (2d Cir.1983) ("[Plaintiff] presented sufficient evidence that her injuries resulted from . . . [defendants'] policy to chill the exercise of First Amendment rights by punishing those who dare complain of corruption and mismanagement.").

Also, Hall has sufficiently pled the second prong of a First Amendment retaliation claim simply by averring that "[t]he NYS-DEC terminated the plaintiff's position on November 19, 1992 because of racial discrimination and as an act of retaliation against the plaintiff." (Compl. ¶ 8). Based on the foregoing, Hall's retaliation claim cannot fail at this stage for failure to plead the *substantive elements* of a First Amendment claim under § 1983.

Nevertheless, as noted above, to adequately plead a claim under § 1983, a plaintiff must allege that some *person* has deprived him of a federal right.[8] The Supreme Court, in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 62–71, 109 S.Ct. 2304, 2307–2311, 105 L.Ed.2d 45 (1989), held that states, state agencies, and state officials sued in their official capacity are not "persons" subject to suit under § 1983. Clearly, the NYSDEC is a state agency and therefore immune from suit under § 1983. Furthermore, although state officials sued officially for *injunctive* relief[9] as well as officials sued in their individual capacities[10] are persons within the meaning of § 1983, plaintiff has not directed his retaliatory discharge claim toward any particular NYSDEC official. Although he names two NYSDEC officials in his complaint, neither individual is alleged to have played any role in the alleged retaliatory termination. (Compl. ¶¶ 6–8). As such, plaintiff's complaint fails to adequately plead a retaliation claim for which he is entitled to relief. Thus, this claim is dismissed as to all moving defendants. *See Provet v. N.Y.S. Dep't of Correctional Serv.*, 546 F.Supp. 492 (S.D.N.Y.1982).

### 4. Section 1983 Conspiracy Claim

Second, plaintiff alleges that various individual defendants, both public and private, conspired to deprive him of his constitutional rights. (Compl. ¶ 10). Specifically, he asserts that the CIA, the Colonie Police, Niagara Mohawk, Pepsi–Cola and various individual defendants conspired to deprive him of his constitutional rights by following him around when he operates his car, harassing him, and attempting to run into him. (Compl. ¶ 14, 15, 16, 22, 25, 30, 34). Plaintiff further alleges that he believes that the Colonie Police, Niagara Mohawk Power Corporation, and Pepsi–Cola employ electronic equipment by which they can track his vehicle in an effort to effectuate the alleged conspiracy. (Compl. ¶¶ 11–13). Finally, plaintiff alleges that he "believes" that defendant Dworkin had plaintiff's arbitration proceeding transferred from Schenectady to Colonie, N.Y. in order that the Colonie Police could harass him. (Compl. ¶ 18).

As noted, in order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege a violation of at least one of his federally protected rights—constitutional or statutory. *See Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) ("The first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.' "). In

---

Thus, regardless of whether Hall can ultimately recover on this cause of action, he has alleged sufficient facts to satisfy the first prong of a First Amendment retaliation claim.

8. Section 1983 is specific in authorizing the assertion of claims only against "a *person* who, under color of any statute, ordinance, regulation, custom or usage" deprives another of his federal constitutional or statutory rights. 42 U.S.C.A. § 1983 (1981).

9. The Court in *Will* addressed the well-recognized exception to this general rule stating that "[o]f course a State official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official capacity actions for injunctive relief are not treated as actions against the State.' " *Will*, 491 U.S. at 71 n. 10, 109 S.Ct. at 2311 n. 10, 105 L.Ed.2d at

58 n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985) and citing *Ex Parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 454, 52 L.Ed. 714 (1908)). Although Hall in the instant case seeks "Preliminary and Permanent Injunctive relief ordering the Defendants to stop all racially motivated and retaliatory actions against the plaintiff" (Compl., Ad damnum clause, ¶ A), it is entirely unclear whether he seeks injunctive relief on his retaliatory discharge claim, as to which defendants he seeks such relief, or whether he seeks solely monetary damages. To this extent, the complaint is inadequate.

10. *See National Foods, Inc. v. Rubin*, 727 F.Supp. 104, 107–108 (S.D.N.Y.1989) (*Will* "does not appear to have altered the settled rule that a state official sued in his individual capacity may be held liable for damages.").

**1412**

the instant case, plaintiff alleges that he has been deprived of his "due process rights and the right to equal protection under the law." (Compl. ¶ 30).

The court finds plaintiff's alleged denial of due process to be without merit and, indeed, the court fails to see how due process is even tangentially related to his conspiracy allegations. Plaintiff has not stated, and the court cannot identify, any process which he is or was due. Thus, all that remains is plaintiff's equal protection claim.

 "The guarantee of equal protection ... is not a source of substantive rights or liberties, but rather a right to be free from invidious discrimination in statutory classifications and other governmental actions." *Levy v. City of New York,* 726 F.Supp. 1446, 1453 (S.D.N.Y.1989) (quoting *Harris v. McRae,* 448 U.S. 297, 322, 100 S.Ct. 2671, 2691, 65 L.Ed.2d 784 (1980)). To state a claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiff must allege sufficient facts to demonstrate *an intent* to discriminate. *Dwares v. City of New York,* 1992 WL 30694, *2, 1992 U.S.Dist. LEXIS 1412, *7 (S.D.N.Y.1992) (citing *Village of Arlington Heights v. Metro. Housing Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977)). In other words, to ultimately achieve success on a claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiff must prove the existence of purposeful discrimination. *Andrews v. City of Philadelphia,* 895 F.2d 1469 (3d Cir.1990) (sex discrimination) (citing *Batson v. Kentucky,* 476 U.S. 79, 93, 106 S.Ct. 1712, 1721, 90 L.Ed.2d 69 (1986)).

 Alternatively, according to the Second Circuit, "to state an equal protection claim, a plaintiff must charge a government officer 'not only with deliberately interpreting a statute against the plaintiff, but also with singling him out alone for that misinter-

pretation.' " *Fariello v. Rodriguez,* 148 F.R.D. 670, 677 (E.D.N.Y.1993) (citing *Brady v. Colchester,* 863 F.2d 205, 216 (2d Cir.1988) [quoting *Burt v. City of New York,* 156 F.2d 791, 792 (2d Cir.1946) ] ). Finally, where, as here, *public* entities are involved in the alleged conspiracy, a plaintiff is required to allege with particularity that the public entity conspired with the private defendants to deprive plaintiff of his rights in order to establish *state* involvement in a civil rights conspiracy. *Peavey v. Polytechnic Inst. of New York,* 775 F.Supp. 75, 78 (E.D.N.Y.), *aff'd,* 969 F.2d 1042 (2d Cir.1992).[11]

Given the cursory and conclusory allegations contained in the complaint with regard to the § 1983 conspiracy claim, the court finds that plaintiff has failed to state a claim upon which relief can be granted.

 While the court recognizes that a § 1983 claim may not be held to a "heightened pleading standard," (*see Leatherman, supra* ), a complaint must nevertheless contain more than merely broad based, conclusory statements. *See Fariello, supra,* 148 F.R.D. at 677 (E.D.N.Y.1993) (taking note of *Leatherman* ) (citing *Spear v. West Hartford,* 954 F.2d 63, 68 (2d Cir.), *cert. denied,* ——— U.S. ———, 113 S.Ct. 66, 121 L.Ed.2d 33 (1992) ("[t]o state a civil rights claim under § 1983, a complaint must contain specific allegations of facts which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983.")). Thus, as the Second Circuit has held, "complaints relying on civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987).[12]

---

11. Plaintiff does generally allege that "[t]his is a civil action brought to bring relief from deprivation of constitutional rights by the Defendants, jointly and severally, under color of law." Compl. ¶ 1. Thus, the complaint alleges, albeit in a conclusory fashion, that the private defendants (Niagara Mohawk, Pepsi–Cola, Sikora and Della Rocco) acted under color of state law. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970) ("a

private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983."); *Zemsky v. City of New York,* 821 F.2d 148, 151 (2d Cir.1987) (when a private person conspires with the state or its agents, that person may be subject to § 1983).

12. The Second Circuit has "previously held that a *pro se* complaint 'containing only conclusory, vague, or general allegations of conspiracy to

The foregoing analysis does not constitute a heightened pleading standard, per se, requiring plaintiff to surpass the liberal pleading standard of Rule 8(a); on the contrary, requiring plaintiff to allege more than merely bald conclusory statements comports with the notice requirements under the Federal Rules of Civil Procedure so as to "give the defendant fair notice of what the claim is and *the grounds upon which it rests." Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (emphasis added). Therefore, plaintiff's complaint must state, at a minimum, "the purpose of or any overt acts perpetrated by defendants which *reasonably relate* to the claimed conspiracies." *Zemsky v. City of New York,* 821 F.2d 148, 151 (2d Cir.), *cert. denied,* 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987) (emphasis added). It does not.

Hall's conspiracy claim fails to satisfy the foregoing pleading requirement. To merely state in a conclusory fashion that a conspiracy exists is wholly insufficient, and to allow such a lax pleading requirement would do violence to even the liberal language of Rule 8(a). Thus, plaintiff cannot withstand dismissal of this claim merely by alleging that he "believes" his vehicle was being tracked, or that he "believes" attempts were made to run into his vehicle. His assertions are nothing more than self-serving supposition and surmise.[13] *Ostrer v. Aronwald,* 567 F.2d 551, 552 (2d Cir.1977).

More importantly, although plaintiff has alleged certain overt acts which were allegedly perpetrated by the various defendants, he has failed to set forth any facts from which a *conspiracy* can be inferred. That is, although plaintiff sets forth single alleged acts of harassment committed by each defendant, he fails to allege any facts from which a reasonable *connection* between the acts—or a conspiracy—can be inferred. Therefore, even when taking plaintiff's assertions as true, the court cannot draw a reasonable inference that defendants conspired to intentionally discriminate against plaintiff based upon his race.

In sum, plaintiff's conspiracy claim is vague and unsubstantiated by a description of particular overt acts from which a conspiracy to discriminate can be inferred. Therefore, this claim fails to state a cause of action upon which relief can be granted and is accordingly dismissed *in toto* as to all moving defendants.

### 5. Fourth Amendment—Unlawful Search and Seizure Claim

Plaintiff's unlawful search and/or false arrest claim survives, inasmuch as no defendants have moved for dismissal of same.

### 6. Res Judicata Effects

■ In federal district court, res judicata, or claim preclusion, prevents the subsequent litigation of any ground of recovery that was available in a prior action, whether or not it was actually litigated. *Balderman v. U.S. Veterans Admin.,* 870 F.2d 57, 62 (2d Cir. 1989) (citing *Comm'r v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)); *see also Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992). Likewise, the judicial proceedings of New York State must be afforded the same full faith and credit in the federal courts as they would receive in state courts. 28 U.S.C.A. § 1738 (1966); *see also Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (in § 1983 action, res judicata applied based on prior state court adjudication).

Plaintiff has commenced a number of lawsuits in both federal and state court.[14] Be-

---

deprive a person of constitutional rights cannot withstand a motion to dismiss.'" *Id., citing Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.) (per curiam), *cert. denied,* 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 158 (1983).

**13.** As this court has held before, conclusory and unsubstantiated allegations of corruption, cover-ups, intentional misconduct and assorted unsavory behavior do not suffice to state a claim under 42 U.S.C. § 1983. *See Collins v. Unified Court*

*System,* 1991 WL 111218, *1, 1991 U.S.Dist. LEXIS 8521, *3 (N.D.N.Y.1991).

**14.** Hall has a tortured history of alleging racial discrimination, having filed lawsuits that often contain baseless, unsupported and derisive accusations. Over the past five years, he has commenced at least nine law suits, including the instant action, in both federal and state court, involving more than 60 federal and state agencies, officials and attorneys, and alleging racial

cause none of the moving parties have argued that Hall is improperly seeking to relitigate prior unsuccessful state or federal claims, the court expresses no opinion as to any potential res judicata effect of plaintiff's prior actions.

## C. Sanctions

 Various defendants have requested monetary sanctions pursuant to Rule 11,[15] as well as an injunction barring plaintiff from filing any further actions without prior leave of court.

As noted above, plaintiff's conspiracy allegations are wholly conclusory and substantiated by nothing more than supposition without the barest of factual information. This claim, not unlike those attendant to several of Mr. Hall's prior actions, are baseless, frivolous and cannot be countenanced. While the court ascribes no venal or malevolent motivations to plaintiff, it is no less inequitable to force defendants such as these to respond to unfounded and baseless incursions. While more lenient standards of competence and compliance apply to *pro se* litigants, the court nonetheless finds that a reasonable person would not have brought this claim after a moderate level of inquiry and reflection. The court, therefore, in the exercise of its discretion in matters brought by *pro se* litigants, grants monetary sanctions only as to plaintiff's frivolous conspiracy claim. Such is warranted notwithstanding plaintiff's *pro se* status. *See, e.g., O'Malley v. New York City Transit Auth.,* 896 F.2d 704, 709 (2d Cir. 1990); *Sassower v. Field,* 138 F.R.D. 369

(S.D.N.Y.), *modified,* 973 F.2d 75 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993); *Auen v. Sweeney,* 109 F.R.D. 678, 680 (N.D.N.Y.1986). Said sanctions are imposed in order to deter plaintiff from future abuse of the judicial process and to compensate defendants for their attorneys' fees and expenses.

 Notwithstanding the foregoing, the court is aware that one factor to be considered in the imposition of a Rule 11 sanction is "the financial circumstances of the plaintiff." *Sassower, supra,* 973 F.2d at 81 (citing *Johnson v. New York City Transit Auth.,* 823 F.2d 31, 33 (2d Cir.1987)). Therefore, the award of attorneys' fees shall be subject to reduction by this court if plaintiff's financial circumstances so warrant.

Monetary sanctions will be imposed based on the number of hours reasonably expended by each defendant's counsel in responding to the complaint multiplied by a reasonable attorneys' fee. As the motion for sanctions is imposed only with respect to that cause of action deemed frivolous, the award shall be pro rated in the discretion of the court. Counsel for defendants who have moved for sanctions are directed to file with the Office of the Clerk an affidavit setting forth the appropriate figures, together with contemporaneous time and expense records specifying, for each attorney involved in the matter, the date, hours expended, and the nature of the work done, together with a proposed order for imposition of sanctions, within thirty (30) days after entry of this order. *Durant v.*

---

discrimination and/or civil rights violations in the workplace and on the highways. Furthermore, he has sought to disqualify at least three judges, citing wholly unsupported grounds of racial bias. Plaintiff appeared *pro se* in all but the first of these actions. *See Hall v. Medical College of Ohio,* 742 F.2d 299 (6th Cir.), *cert. denied,* 469 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985); *Hall v. N.Y.S. Dep't of Envt'l Cons., et al.,* 89–CV–805 (N.D.N.Y.) (summary judgment granted dismissing the complaint); *Hall v. N.Y.S. Dep't of Envt'l Cons., et al.,* 89–CV–1033 (N.D.N.Y.) (complaint dismissed without prejudice); *Hall v. N.Y.S. Police, et al.,* 92–CV–834 (N.D.N.Y.) (pending); *Hall v. Cuomo,* 92–CV–894 (N.D.N.Y.) (complaint dismissed with prejudice); *Hall v. Paladino, et al.,* 6860–92 (N.Y.Sup.Ct., Albany Co.) (pending); *Hall v. Dworkin, et al.,* 93–CV–0338 (N.D.N.Y.) (the instant action); *Hall v. Rug-*

geri, et al., 93–CV–703 (N.D.N.Y.) (pending); and *Hall v. Engler, et al.,* 93–CV–771 (N.D.N.Y.) (pending).

**15.** Rule 11 provides, in pertinent part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11 (Moore 1993).

*Traditional Inv., Ltd.,* 1992 WL 51557 *14, 1992 U.S.Dist. LEXIS 2910, *49 (S.D.N.Y. 1992) (citing *New York State Assoc. for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147–48 (2d Cir.1983)). Plaintiff shall then be directed to pay the sanctions to the appropriate parties no later than Friday, September 24, 1993, unless, prior to that time, plaintiff demonstrates his financial inability to pay said fees by filing a sworn affidavit with supporting documentation to the court.

The request for an injunction barring plaintiff from instituting further action without leave of court is denied. Although such relief may indeed be warranted at this time, the unfettered right to access to the courts by all plaintiffs, including Mr. Hall, is of paramount importance. Moreover, the court is disinclined to grant such extraordinary relief where monetary sanctions should suffice in deterring plaintiff.

The court will, of course, entertain a motion for such a sanction should future circumstances so warrant.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that plaintiff's retaliatory discharge cause of action is **dismissed** without prejudice as to all defendants pursuant to Rule 12(b)(6); and it is further

**ORDERED,** that plaintiff's conspiracy cause of action is **dismissed** without prejudice pursuant to Rule 12(b)(6), only as to the moving defendants—*to wit:* DWORKIN, MATHIS, ROSETTI, NICKLAS, SPINELLI, SIKORA, PEPSI–COLA, NEW YORK STATE OFFICE OF INSPECTOR GENERAL, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, and CENTRAL INTELLIGENCE AGENCY; and it is further

**ORDERED,** that the request for sanctions is granted only to the moving defendants—*to wit:* DWORKIN, MATHIS, ROSETTI, NICKLAS, SPINELLI, SIKORA, PEPSI–COLA, NEW YORK STATE OFFICE OF INSPECTOR GENERAL, and NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, to the extent

they were required to respond to plaintiff's conspiracy cause of action.

The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.