■ In the Matter of CHRISTOPHER M. FERRARA, Appellant, v SUPERINTENDENT, NEW YORK STATE POLICE, et al., Respondents. [652 NYS2d 432] —Carpinello, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered May 15, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner access to records requested under the Freedom of Information Law.

After being convicted of the crime of attempted sexual abuse, petitioner was incarcerated at Oneida Correctional Facility in Oneida County. He subsequently made a request under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) for records concerning an internal investigation

conducted by the State Police into alleged police misconduct related to petitioner's arrest. This request was denied on the basis that the requested documents were exempt from disclosure. Thereafter, petitioner commenced a CPLR article 78 proceeding to review the denial of his FOIL request. Supreme Court dismissed the petition upon petitioner's failure to demonstrate that the requested records were material and relevant. Petitioner then moved for pre-action disclosure under CPLR 3102 (c). Supreme Court denied the motion on the basis that petitioner failed to show a meritorious cause of action.

Thereafter, petitioner made a second FOIL request seeking records of the internal investigation as well as any disciplinary action taken against members of the State Police. This request was denied. Petitioner, in turn, commenced another proceeding pursuant to CPLR article 78 to review this determination. Respondents moved to dismiss the petition on the grounds that it was barred by the Statute of Limitations and res judicata. Supreme Court granted the motion, finding that the proceeding was barred by res judicata. Petitioner appeals.

Initially, insofar as the same records were the subject of both of petitioner's FOIL requests, we agree with Supreme Court that the proceeding is barred by res judicata. Supreme Court's first disposition involved the same parties and was not appealed by petitioner. Therefore, it constitutes a final and binding determination on petitioner's right to access the requested records (*see generally, Matter of Hodes v Axelrod*, 70 NY2d 364, 372-373). To the extent that petitioner alleges in his petition that his second FOIL request sought records of disciplinary action taken against members of the State Police as the result of the internal investigation which were not requested in his first FOIL request, we are of the view that such records are specifically exempted from disclosure under Civil Rights Law § 50-a (*see, Matter of Lyon v Dunne*, 180 AD2d 922, 923, *lv denied* 79 NY2d 758). We have considered petitioner's remaining claim and find it to be without merit.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.