Christopher M. FERRARA, Plaintiff,

v.

SUPERINTENDENT, NEW YORK STATE POLICE; Assistant Deputy Superintendent, New York State Police; Chief Inspector, New York State Police, Defendants.

No. 97–CV–1063 (LEK/RWS).

United States District Court,
N.D. New York.

Aug. 19, 1998.

Christopher M. Ferrara, Holley, NY, pro se.

Hon. Dennis C. Vacco, Attorney General of the State of New York, Department of Law, Albany, NY, for defendants, Jeffrey M. Dvorin, Asst. Attorney General, of counsel.

## MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Plaintiff brings this 42 U.S.C. § 1983 action against the defendants in their official capacities, alleging that their refusal to grant his request for disclosure of an internal investigation report under the New York Freedom of Information Law, N.Y.Pub.Off.Law § 84, et seq. (McKinney 1988) (hereinafter "FOIL") violated his constitutional rights to due process and equal protection under the Fourteenth Amendment. Presently before the Court is defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.[1] For the reasons discussed below, defendants' motion is granted.

### I. Background

On January 7, 1993, plaintiff, who was at that time employed as a police officer, was convicted in New York state court of attempted sexual abuse and sentenced to four years in prison. Plaintiff has since served the full four year term and was released on January 3, 1997.

Plaintiff's conviction was the result of a guilty plea, but after the sentence, plaintiff, who had hired a new attorney, attempted to withdraw his plea based on evidence which tended to demonstrate that certain other police officers had engaged in serious misconduct to obtain false evidence against him. The trial court rejected his motion, and the complaint does not reveal whether plaintiff appealed his conviction through the state court system any further.

Plaintiff does allege that after the trial court refused to withdraw his plea, plaintiff's attorney forwarded the evidence of misconduct to the Office of the Special Prosecutor who had been appointed by Governor Mario Cuomo ("Governor Cuomo") to investigate cases of State Police misconduct in the cen-

---

1. Plaintiff has responded to defendants' motion with a motion for an order "dismissing defendant's motion for dismissal...." *See* Dkt. # 12. These papers are taken by the Court as submissions in opposition to the motion to dismiss.

tral New York area. Plaintiff subsequently learned from the Special Prosecutor that the Inspection Unit of the New York State Police had completed an internal investigation relating to plaintiff's arrest but could not disclose its contents. Plaintiff had hopes that Governor Cuomo would intervene. During this time, Ferrara was offered parole but refused, anticipating a reversal of his conviction. After Governor Cuomo lost his bid for reelection in 1994, plaintiff filed a FOIL request for disclosure of the internal report regarding his case.

The defendants denied his request, asserting that the report fell under FOIL's Intra–Agency exception and N.Y. Civil Rights Law § 50–a (McKinney 1992).[2] Compl.Exh. D. On March 31, 1995, Ferrara commenced an Article 78 proceeding in New York Supreme Court seeking to compel the defendants to disclose the records. This proceeding was dismissed. Plaintiff did not appeal the ruling, but instead instituted a new proceeding in New York Supreme Court seeking court ordered disclosure of the documents pursuant to N.Y.C.P.L.R. 3102(c). This proceeding was also dismissed.

Ferrara commenced a second Article 78 proceeding on October 20, 1995, which was dismissed on the grounds of *res judicata*. Plaintiff appealed this decision, but the Appellate Division likewise found the bulk of plaintiff's claim barred by *res judicata* and found that to the extent that the claim was not barred, the requested records were exempt from disclosure under N.Y. Civil Rights Law § 50–a. *See Ferrara v. Superintendent, New York State Police*, 235 A.D.2d 874, 652 N.Y.S.2d 432, 433 (N.Y.App.Div.1997), *appeal dismissed, leave to appeal denied*, 90 N.Y.2d 829, 660 N.Y.S.2d 551, 683 N.E.2d 16 (N.Y.1997). Accordingly, it affirmed the dismissal. *Id.* Plaintiff now brings the instant action, alleging that the defendants' refusal to provide the requested report constitutes a denial of his right to due process and equal protection under the Fourteenth Amendment. As relief, plaintiff requests that the Court declare that plaintiff has a constitu-

tional right to the requested records and order disclosure or else order an *in camera* review of the records for a determination as to whether they should be disclosed.

## II. Discussion

### A. Standard of Review

A district court should grant a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim only if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). In applying this standard, "all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff." *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). Further, on a motion to dismiss for failure to state a claim, the Court is limited in its consideration to the complaint, documents attached to the complaint, undisputed documents alleged or referenced in the complaint, and public records. *See* 2 James Wm. Moore, Moore's Federal Practice, ¶ 12.34[2] at 12–66 (3d ed.1997). The Court's duty is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980); *accord Goldman v.. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985). The appropriate inquiry, therefore, is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 124 (2d Cir.1991) (plaintiff is not compelled to prove his case at the pleading stage).

 Finally, the Court notes that where a plaintiff proceeds *pro se*, a court must liberally construe the complaint and " 'inter-

---

**2.** N.Y. Civil Rights Law § 50–a exempts personnel records of police officers that are "used to evaluate performance toward continued employment or promotion" from disclosure under FOIL without the consent of the officer in question unless disclosure is specifically ordered by a court. *See* N.Y. Civil Rights Law § 50–a(1) (McKinney 1992).

pret [it] to raise the strongest arguments that [it] suggest[s],'" *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)), thus holding the *pro se* pleading "'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). A court should not dismiss a *pro se* complaint without granting leave to amend at least once when the complaint gives "any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991). It is with this standard in mind that the Court addresses the issues presented.

*B. Due Process Claim*

■ Ferrara asserts that the Due Process Clause of the Fourteenth Amendment mandates the disclosure of the internal police records which he asserts may exonerate him of the crime of attempted sexual abuse. Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fourteenth Amendment. *Mathews v. Eldridge,* 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The analysis of whether plaintiff states a claim for improper deprivation of a liberty or property interest occurs in two steps. *Narumanchi v. Bd. of Trustees of Conn. State Univ.,* 850 F.2d 70, 72 (2d Cir.1988). "The threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution." *Id.* "If a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process." *Id.* (emphasis in original).

*1. Liberty Interest*

■ Plaintiff asserts that his conviction and the surrounding events "has damaged plaintiff's reputation within the community in which he served," that he has a constitutional liberty interest in "clearing his name" and that he requires the internal report to do so.

Compl. ¶ 20. It is well-established that an injury to reputation by itself does not give rise to a liberty interest under the Due Process Clause, even where the injury may impair future employment prospects. *See Siegert v. Gilley,* 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), *reh. denied,* 501 U.S. 1265, 111 S.Ct. 2920, 115 L.Ed.2d 1084 (1991). However, where stigmatizing statements are made by a party in the context of that party's decision to discharge or refuse to rehire an employee, a liberty interest arises when the statements "denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." *Donato v. Plainview–Old Bethpage Cent. School Dist.,* 96 F.3d 623, 630–31 (2d Cir.1996), *cert. denied, Plainview–Old Bethpage Cent. School Dist. v. Donato,* —— U.S. ——, 117 S.Ct. 1083, 137 L.Ed.2d 218 (1997).

Here, plaintiff's conviction led to his discharge and allegedly prevents his being rehired. However, defamatory remarks or actions only implicate a liberty interest when they occur in the *context* of the employment action. *See Donato, id.* at 631 ("Upon terminating his employment, the local school board released a statement of charges against him...."). Here, any defamatory effects arose out of the context of the conviction proceeding, not the subsequent discharge decision. Thus, the events alleged do not constitute the combination of stigma and employment action that implicates a protectible liberty interest.

■ Further, plaintiff's complaint is not based on alleged defamatory effect of his conviction. It is based on the defendants' refusal to grant access to certain documents. The mere denial of disclosure, in and of itself, was not an act which impugned plaintiff's professional reputation. Thus, the Court finds no protectible liberty interest at issue.

■ If, on the other hand, the Court were to construe plaintiff's complaint as being addressed to the conviction itself and the resulting stigmatizing effects, dismissal of the complaint would be mandatory for other reasons. In order to establish a § 1983 claim

for the deprivation of a protected liberty or property interest without due process, a plaintiff must also show that the defendants were personally involved in the unconstitutional conduct. *See Green v. Bauvi,* 46 F.3d 189, 194 (2d Cir.1995). Plaintiff does not bring his action against the parties allegedly responsible for pursuing false charges against him or making other stigmatizing statements and there is no allegation that the named defendants engaged in such conduct. Thus, an action for deprivation of liberty without due process based on a "stigma-plus" theory could not be brought against the current defendants.

In addition, because a successful § 1983 action directed at the process of plaintiff's conviction would necessarily render the conviction invalid, plaintiff must allege that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff has not made such an allegation. Indeed, plaintiff has brought this proceeding in hopes of obtaining exonerating evidence; it follows that he has not yet invalidated the conviction. Thus, no § 1983 action against the alleged misconduct can stand.

Having concluded that there is no protectible liberty interest at stake, the Court must determine whether there is a protectible property interest. *See Webb v. Ashburn,* No. 96 Civ. 0325, 1997 WL 118355, *2 (S.D.N.Y. 1997) ("The only possible claim arising from the alleged FOIL violations is a deprivation of property claim....").

### 2. Property Interest

 A protectible property interest is not created by the Constitution. *Roth,* 408 U.S. at 577, 92 S.Ct. 2701. Rather, "[property interests] are created and their dimen-

sions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.; see also Ezekwo v. NYC Health & Hospitals Corp.,* 940 F.2d 775, 782 (2d Cir.1991), *cert. denied, New York City Health and Hospitals Corp. v. Ezekwo,* 502 U.S. 1013, 112 S.Ct. 657, 116 L.Ed.2d 749 (1991) ("the nature and contours of a specific property interest are defined by some source independent of the Constitution"). " 'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.... He must, instead, have a legitimate claim of entitlement to it.' " *Ezekwo,* 940 F.2d at 782 (quoting *Roth,* 408 U.S. at 577, 92 S.Ct. 2701).

Another court in the Second Circuit has found that FOIL does not create any property interest because "[t]he statute does not require that documents be produced as of right, but only after request and investigation." *Billups v. Millet,* No. 91 Civ. 6326, 1996 WL 99399, *4 (S.D.N.Y. March 6, 1996). The Court is not prepared to reach so sweeping a conclusion because New York courts have held that the disclosure requirements are mandatory unless the records fall under one of FOIL's eight specific exemptions. *De Zimm v. Connelie,* 102 A.D.2d 668, 479 N.Y.S.2d 871, 873 (N.Y.Sup.Ct.1984), *aff'd,* 64 N.Y.2d 860, 487 N.Y.S.2d 320, 476 N.E.2d 646 (N.Y.1985). However, it is clear that there is no entitlement to records which fall under one of the statutory exemptions. *See Billups,* 1996 WL at 99399, at *5 ("even if Plaintiff could show he had a property interest in some documents, he could not show it for all FOIL documents because not all FOIL documents need be produced."). Here, the New York courts have determined that the investigative records plaintiff requests are exempt. *See Ferrara,* 652 N.Y.S.2d at 432. Thus, the Court finds that plaintiff has no protectible property interest in their disclosure. Since plaintiff has not met this threshold requirement, plaintiff's due process claim must be dismissed.[3]

---

**3.** The Court notes that a Due Process claim based on a FOIL denial would also fail the second requirement of such a claim, the absence of due process. Here, adequate process is clearly available through an Article 78 proceeding to

remedy an improper denial of disclosure. Further, it appears that plaintiff failed to appeal the outcome of his first Article 78 proceeding and thereafter could not overcome the operation of *res judicata.* Having willfully failed to avail him-

### C. Equal Protection

■ Plaintiff asserts that the refusal to disclose the report constitutes a violation of the Equal Protection Clause. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *Brady v. Town of Colchester*, 863 F.2d 205, 216 (2d Cir.1988) (citation and internal quotation omitted). To state a claim under equal protection, a plaintiff must allege sufficient facts to demonstrate an intent to discriminate. *Hall v. Dworkin*, 829 F.Supp. 1403, 1412 (N.D.N.Y.1993). Alternatively, "a plaintiff must charge a government officer 'not only with deliberately interpreting a statute against the plaintiff, but also with singling him out alone for that misinterpretation.'" *Id.* (quoting *Fariello v. Rodriguez*, 148 F.R.D. 670, 677 (E.D.N.Y.1993), *aff'd*, 22 F.3d 1090 (2d Cir.1994)). Further, such charges are insufficient unless "they contain some specific allegations of fact indicating a deprivation of rights...." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987).

Plaintiff alleges only that his rights under the Equal Protection Clause have been violated because "other persons similarly situated have been allowed access to police personnel files or certain portions thereof." Compl. ¶ 24. However, plaintiff does not identify any such similarly-situated person or specify the instance in which that person made a request similar to plaintiff's. Indeed, the fact that the defendants' interpretation of the law has been affirmed by the New York courts, whose opinion in matters of state law is controlling, precludes a conclusion that plaintiff has been singled out for a misapplication of the statute. Thus, plaintiff has not made allegations sufficient to support an Equal Protection claim, and this portion of the complaint must also be dismissed.

Accordingly, it is hereby

ORDERED that defendants' motion to dismiss is GRANTED and the action is thereby DISMISSED with prejudice; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

self of the appellate process on the first action, plaintiff cannot complain that he has been de-

nied such process.