**Arlene WILLIAMS, Plaintiff,**

v.

**Mark FRIEDMAN, Project Manager, Brownsville Houses and New York City Housing Authority, Defendant.**

**No. 93 CV 618.**

United States District Court, E.D. New York.

Aug. 24, 1994.

Arlene Williams, plaintiff pro se.

Alan D. Aviles, Gen. Counsel, New York City, for defendants Mark Friedman and New York City Housing Authority (Elyse Hilton, of counsel).

### ORDER

JOHNSON, District Judge:

This is a *pro se* action brought by Plaintiff, Arlene Williams, against Mark Friedman,

Project Manager of Brownsville Houses ("Friedman") and the New York City Housing Authority (the "Housing Authority") (collectively, the "Defendants") alleging that the Defendants deprived her of her civil rights in violation of 42 U.S.C. § 1983.[1] Defendants' have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

For the reasons set forth below, the Defendants' motion is granted and the complaint is dismissed.

## BACKGROUND

Plaintiff has been a tenant of Brownsville Houses, a public housing unit owned and operated by the New York City Housing Authority, since August 1988. Since that time, Plaintiff has been receiving public assistance from the New York City Department of Social Services ("DSS"). In September 1990, Plaintiff entered a job training program sponsored by DSS in which she was paid a salary in addition to her public assistance benefits.

The Plaintiff asserts that she immediately informed the Brownsville Houses Management Office ("Brownsville") of her employment and increase in income as required by her lease.[2] Plaintiff states, however, that she was never contacted by Brownsville in order to verify her increase in income and adjust her rent accordingly. On June 25, 1991, Plaintiff called Brownsville again and spoke to Mr. Obolo, a Housing Assistant at the Brownsville Houses, and informed him of her employment and increase in income. Plaintiff requested that Mr. Obolo give this infor-

mation to Friedman so that her rent may be adjusted accordingly. Plaintiff alleges that she was never contacted by Brownsville in order to verify her increase in income.

On May 7, 1992, Friedman served a fourteen-day eviction notice upon the Plaintiff charging nonpayment in rent for an amount of $2,429.00. Friedman stated that the Plaintiff never informed Brownsville of her increase in salary and that in January 1992, Friedman was notified by DSS that the Plaintiff had been employed since September 1990. Subsequently, the Defendants retroactively assessed Plaintiff for the rent she would have paid had she reported her income from September 1990 through December 1991 and charged Plaintiff's account accordingly.[3] *See* Compl. Ex. "A".

Plaintiff objected to both the eviction notice and retroactive rent charge and filed a grievance pursuant to the Housing and Urban Development ("HUD") grievance procedures. *See* 24 C.F.R. § 966.50. Plaintiff and Friedman met on March 16 and 23, 1992 and again on June 1, 1992 to discuss the Plaintiff's grievance. At those meetings Plaintiff requested to speak to Mr. Obolo regarding the June 25, 1991 telephone conversation but was told that he was not available. She further states that Friedman failed to produce either a written statement or a sworn affidavit by Mr. Obolo regarding the June 25, 1991 telephone conversation. Friedman told the Plaintiff that she never called to inform Brownsville of her increase in income and that Mr. Obolo denied receiving a call from the Plaintiff. During the meetings with Friedman, Plaintiff states that she was never informed of her rights under the HUD guide-

---

**1.** Section 1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."
42 U.S.C. § 1983.

**2.** Public housing tenants are required to submit an annual affidavit indicating their total house-

hold income. *See* 24 C.F.R. § 913.109. A public housing tenant's monthly rent is calculated, based on the tenant's monthly adjusted income, to be approximately thirty percent of her income. *See id.* § 913.107(b). If a tenant's income changes mid-year, she is required to report this information to the Housing Authority, so that her rent will be adjusted accordingly. *Id.*

**3.** Neither the Plaintiff nor Defendants explain why the Plaintiff's retroactive rent increase applied only to December 1991 rather than to the date of her notification on May 1992.

lines nor of her right to be represented by counsel.

On June 4, 1992, Friedman issued a written summary sustaining the Plaintiff's retroactive rent charge. *See* Compl. Ex. "A". Friedman stated that there was no record substantiating the Plaintiff's claim that she called Brownsville to inform them of her increase in income. Friedman further stated that in Plaintiff's Occupant Affidavit of Income, dated January 15, 1991, the Plaintiff indicated she was unemployed, contrary to the fact that she was employed since September 1990.

Plaintiff appealed Friedman's decision to the District Office. *See* Compl. Ex. "B". The District Office disagreed with Friedman's disposition and reversed him in part. The District Office credited the Plaintiff's claim that she had orally informed Brownsville on September 1990. Accordingly, the District Office deducted the retroactive rent charge for the period of September 1, 1990 through January 31, 1991; however, the retroactive rent charge between February 1, 1991 through December 31, 1991 remained on her account because of her Occupant Affidavit of Income, dated January 15, 1991, where Plaintiff indicated that she was unemployed.

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983 claiming that she was denied her right to due process of law pursuant to 24 C.F.R. §§ 966.53, 966.55, 966.56, and the Fourteenth Amendment of the United States Constitution. Specifically, the Plaintiff alleges that Friedman denied her "procedural due process of law by failing to allow her to confront the witness Mr. Obolo, ... whom he [Friedman] claimed during the grievance proceedings denied that the plaintiff called and reported that she was employed...." Compl. at 4. Plaintiff claims that she and her family sustained "serious emotional distress and mental anguish" as a direct result of the Defendant's "repeated service of eviction papers" and "the constant threat to evict her from her apartment and made homeless." *Id.* at 5. Plaintiff seeks $150,000 in compensatory damages and $500,000 in punitive damages.

## DISCUSSION

 The Defendants move to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Green v. Maraio,* 722 F.2d 1013, 1015–16 (2d Cir.1983) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). The court must accept as true all material facts well-pleaded in the complaint and must make all reasonable inferences in the light most favorable to the plaintiff. *In re Energy Sys. Equip. Leasing Sec. Litig.,* 642 F.Supp. 718, 723 (E.D.N.Y. 1986).

The Defendants contend that no federal rights were abridged and that the Plaintiff "misreads the applicable federal regulations and gives herself a federal right that does not exist." Mem. of Law in Supp. of Def.'s Mot. to Dismiss Compl. at 9. This Court agrees.

To state a claim under Section 1983, a plaintiff must show a violation of a right secured by the Constitution or laws of the United States and must demonstrate that the conduct complained of was committed by a person acting "under color of state law." *West v. Atkins,* 487 U.S. 42, 48–49, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1732–33, 56 L.Ed.2d 185 (1978); *Rojas v. Alexander's Dept. Store, Inc.,* 924 F.2d 406, 408 (2d Cir.1990); *Hall v. Dworkin,* 829 F.Supp. 1403, 1409–10 (N.D.N.Y.1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 ... is [whether] the alleged infringement of federal rights [is] 'fairly attributable to the State.'" *Rendell–Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753–54, 73 L.Ed.2d 482 (1982)).

The Plaintiff asserts that Friedman, in his official capacity as a Housing Authority employee, deprived her of her federal rights as

created by 24 C.F.R. §§ 966.53, 966.55, and 966.56. Specifically, the Plaintiff contends that Friedman, during the grievance meetings, did not provide her with the opportunity to confront and cross-examine Mr. Obolo even though Friedman relied on Mr. Obolo's statements in his decision to uphold the retroactive rent charge. The Plaintiff further asserts that Friedman failed to inform her of her rights as provided by the HUD guidelines and of her right to be represented by counsel.

Sections 966.55 to 966.57 detail the procedures governing a grievance hearing. The C.F.R. requires that a grievance hearing be conducted by an impartial person or persons appointed by the Housing Authority other than the person who made or approved the actions under review. 24 C.F.R. § 966.55(b)(1). Among the rights afforded a complainant are 1) the right to examine any Housing Authority document relevant to the hearing; 2) the right to be represented by counsel; 3) the right to a private hearing; 4) the right to present evidence and arguments in support of tenant's complaint and to confront and cross-examine all witnesses upon whose testimony the Housing Authority relies on; and 5) a decision based solely and exclusively upon the facts presented at the hearing. 24 C.F.R. 966.56(b).

Prior to requesting a formal hearing, a complainant may try to settle a grievance through an informal meeting between the tenant and public housing personnel. *See id.* § 966.54. An informal grievance meeting does not require the Housing Authority to present evidence, witnesses, or to inform the complainant of her right to counsel. *Id.* These rights apply only to a formal hearing. If the complainant is not satisfied with the outcome of the informal grievance meeting, the complainant has the right to ask the District Office to review the Project Manager's decision. *See* Note on Compl. Ex. "A". If the complainant is still not satisfied with the disposition of the District Office, she may request a formal hearing before an impartial Hearing Officer or Panel. *See* 24 C.F.R. § 966.54; *see also* Note on Compl. Ex. "B".

In the present case, the Plaintiff had three informal meetings with Friedman between March 16, 1991 through June 1, 1991 to settle her grievance. Unsatisfied with the result of informal meetings, Plaintiff sought review of Friedman's decision by the District Office. The District Office reversed Friedman' decision, removing the retroactive rent charge from her account for the period between September 1, 1990 through January 31, 1991.

The meetings that took place between the Plaintiff and Friedman were in fact informal meetings pursuant to § 966.54 and not subject to the rights afforded a complainant under a formal hearing. The meetings were not held before an impartial Hearing Officer or Panel and did not require Friedman to present Mr. Obolo as a witness nor was he required to inform the Plaintiff of her right to counsel. Moreover, since the Plaintiff's grievance was addressed by the District Office, Plaintiff's grievance never went beyond the informal hearing stage. Subsequently, this Court finds that the Defendants did not violate the Plaintiff's federal rights as provided by §§ 966.55 to 966.57.

Accordingly, the complaint, filed in forma pauperis under 28 U.S.C. § 1915(a), is dismissed without prejudice for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); 28 U.S.C. § 1915(d). *See Crisafi v. Holland,* 655 F.2d 1305, 1307–09 (D.C.Cir.1981). This Court certifies that pursuant to 28 U.S.C. § 1915(a) any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 920–21, 8 L.Ed.2d 21 (1962).

SO ORDERED.